El Pueblo *v.* Bonilla.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 80.—Resuelto en junio 18, 1907.

Denuncia—Lugar en que se Cometiera el Delito—Excepción.—Cuando en la denuncia no se exprese el lugar, ni el distrito judicial en que se cometiera el delito, y no se hubiere presentado objeción alguna contra la denuncia ante la corte inferior, dicha denuncia se estimará suficiente.

Id.—Aunque no se exije específicamente, como cuando se trata de una acusación, que en la denuncia se exprese que el delito fué cometido en sitio comprendido dentro de la jurisdicción de la corte, y aunque en una denuncia no se exijen las mismas formalidades que en una acusación, sin embargo, el buen procedimiento exige que aquél lugar se determine expresamente tanto en la denuncia como en la acusación, y si se hiciera objeción correcta y oportunamente en este sentido, deberá sostenerse.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

La presente causa tuvo su orígen en la corte municipal de Añasco el día 4 de noviembre de 1906. El acusado, Leoncio Bonilla, fué denunciado por el Sargento de la Policía Insular por fijar en la pared de una casa vivienda una balada obcena, ridiculizando á Muñoz en términos tan indecentes que no pueden ser reproducidos en la presente, y que no pueden traducirse al Inglés. El proceso fué empezado y tramitado de acuerdo con el artículo 283, párrafo 3 del Código Penal. El

acusado fué declarado culpable en la corte municipal y se le impuso una multa de veinte y cinco dollars, con la alternativa de un mes de cárcel.

Contra esta sentencia el acusado interpuso apelación ante la Corte de Distrito de Mayagüez, en cuya corte se volvió á celebrar el juicio. El acusado fué defendido por su abogado y acusado por el ministerio fiscal. La sentencia de la corte impuso al acusado un año de cárcel y el pago de todas las costas. Contra esta sentencia interpuso recurso de apelación para ante este tribunal, pero no ha sido representado por abogado en esta corte; no se ha presentado tampoco en esta corte ningún alegato escrito y no aparece en el récord ni pliego de excepciones ni exposición de los hechos.

La demanda no expresa ni el pueblo ni el distrito en el cual se cometió el delito, y la corte no podría saber judicialmente que la casa de la viuda de Pesante quedaba dentro del distrito municipal de Añasco ó el judicial de Mayagüez. Pero no se hizo alegación alguna respecto á la jurisdicción de la corte, y no se presentó objeción ni excepción previa por este motivo. En todo cuanto podían hacerlo fué tácitamente aceptada la jurisdicción, tanto de la corte municipal de Añasco como la de la Corte de Distrito de Mayagüez, por el fiscal y el abogado del acusado.

No habiéndose presentado excepción previa general á la denuncia, no la estimamos insuficiente, aunque podríamos haberlo hecho si se hubiese presentado en debida forma una excepción previa en el tiempo oportuno. Como ha dicho esta corte anteriormente en el caso de *El Pueblo de Puerto Rico* v. *Aranda Masó,* en el dictamen redactado por el Sr. Juez Wolf:

"Sería una práctica mejor el que la denuncia especificara el verdadero sitio en que el delito se cometió, particularmente porque la jurisdicción de la corte municipal situada en Caguas incluye á Caguas y Aguas Buenas, según la ley sobre organización judicial de marzo, 10 de 1904."

La corte vuelve á decir en el caso de *El Pueblo de Puerto Rico* v. *Francisco Feliciano y Juan Pérez,* que:

"También se deduce de la denuncia que el delito fué cometido en lugar comprendido dentro de la jurisdicción de la corte municipal de Mayagüez, ó sea en la fábrica de fósforos que en dicha ciudad tienen los Señores Grau Hermanos; pero recomendamos como mejor práctica que en toda denuncia ó acusación se exprese de modo claro y terminante el lugar donde se cometió el delito y la corte municipal ó de distrito á que corresponde."

Este es el caso más reciente sobre el particular, y fué resuelto el día 14 del presente mes.

Se verá que el artículo 23 del Código de Enjuiciamiento Criminal prescribe que la denuncia ó declaración jurada contendrá, tan detalladamente como sea posible, la naturaleza del delito y las circunstancias que hayan concurrido en su perpetración. La ley no requiere específicamente, como en casos de acusación, que aparezca de la denuncia que el delito fué cometido en un sitio dentro de la jurisdicción de la corte. Como dice esta Corte en el dictámen en el caso de Aranda, anteriormente citado, aún menos detalles se exigen para las denuncias que para las acusaciones; pero aunque reconocemos que las denuncias presentadas ante los jueces municipales y de paz se preparan necesariamente con menos habilidad que las acusaciones presentadas antes las cortes de distrito; sin embargo, somos claramente de opinión que una propia práctica exigiría que se expresara específicamente la jurisdicción, tanto en una denuncia como en una acusación, y si se hiciera esta objeción á la denuncia oportunamente y en debida forma, sería sostenida.

Pero en este caso, lo mismo que en otro muchos que hemos resuelto anteriormente, debemos decir que esta corte no puede revocar la sentencia de la corte inferior, puesto que no aparece en el récord ningún error fundamental; y no aparece error alguno en el récord que perjudica á los intereses de las partes, y á que se haya hecho constar excepción en la corte sentencia-

dora, según prescribe el artículo 1 de la ley respecto á la revocación de sentencias en casos criminales por la Corte Suprema, etc., aprobada el día 30 de mayo de 1904. (Véanse las leyes de 1905, página 10, cuyo tomo contiene las leyes de la sesión extraordinaria de la Segunda Asamblea Legislativa de Puerto Rico.)

El deber de la Corte Suprema en casos como el presente está claramente establecido en esta ley remedial, que tuvo por objeto la exclusión de recursos frívolos y aquellos que se interponen con el solo objeto de conseguir demora. Nos creemos obligados á hacer cumplir esta ley lo mismo que todas las demás votadas para nuestro gobierno.

Siendo del parecer que se ha hecho justicia sustancial en el presente caso, la sentencia de la Corte de Distrito de Mayagüez de 24 de enero último, debe confirmarse en todas sus sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.