EL PUEBLO, DEMANDANTE Y APELADO, v. MUÑOZ, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa por falsa representación.

No. 730.—Resuelto en abril 22, 1915.

FALSA REPRESENTACIÓN E IMPOSTURA—DENUNCIA SUFICIENTE.—La denuncia en
este caso alega que el acusado valiéndose de falsas y fraudulentas simula-
ciones obtuvo del denunciante la cantidad de $35, los que se apropió pára
su uso particular, y se resolvió que era suficiente de acuerdo con el artículo
470 del Código Penal.

DENUNCIA—SUFICIENCIA DE LA DENUNCIA.—Generalmente una denuncia es sufi-
ciente cuando sigue sustancialmente las palabras del estatuto.

ID.—REDACCIÓN DE LA DENUNCIA—ACUSACIÓN.—En la redacción de la denuncia
no se exige tan estricto cumplimiento de la ley como en las acusaciones
formuladas por los Fiscales, siendo bastante si ella informa al acusado del
cargo que se le hace.

FALSA REPRESENTACIÓN E IMPOSTURA—EXAMEN DE LAS PRUEBAS.—Examinada
la prueba en este caso se decidió que era suficiente para condenar al acu-
sado apelante del delito de falsa representación de que se le denuncia.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. Feliú & Ramírez.

Abogado del Pueblo: Sr. Salvador Mestre, Fiscal.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

El apelante Herminio Muñoz fué denunciado ante la Corte
Municipal de Mayagüez por el delito de falsa representación,
porque valiéndose de falsas y fraudulentas simulaciones ob-
tuvo de José Monserrate Ramírez la cantidad de treinticinco
dólares que se apropió para su uso particular. Conociendo
la Corte de Distrito de Mayagüez de esa denuncia en grado
de apelación, al comenzar el juicio solicitó el denunciado el
archivo de la denuncia por haber habido una transacción con
el perjudicado, moción que denegó la corte; y en la apela-
ción que se ha interpuesto contra la sentencia condenatoria
se alega como primer motivo del recurso que el tribunal erró
al desestimar esa moción.

Al argumentar el apelante este motivo de error reco-

•noce que de acuerdo con el artículo 446 del Código de Enjuiciamiento Criminal es discrecional en el tribunal el conceder o no el archivo de la causa y absolución que le pidió fundado en haber sido indemnizado el perjudicado, y también reconoce que hemos declarado en muchas ocasiones que no intervendremos con la discreción de los tribunales inferiores, a menos que se nos demuestre que han procedido en sus resoluciones abusando de la facultad discrecional que en ciertos casos les confiere la ley, por lo que limitando a éste punto su argumentación somete a nuestra consideración el que la acción del tribunal *a quo* fué errónea. Sin embargo, no aporta el apelante dato ni argumentación alguna para demostrarnos por qué hubo abuso de discreción, ni por qué fué errónea la resolución negativa de su petición, pues se concreta a exponer que con la moción acompañó un escrito firmado por el perjudicado en el que éste reconoció haber recibido una completa satisfacción del acusado e hizo constar que no tenía interés en perjudicarle y que además el apelante estaba dispuesto a pagar las costas y a cumplir con los requisitos prescritos en el artículo 446 citado.

Esos fueron los hechos sometidos al tribunal para que los considerara y resolviera discrecionalmente, como lo hizo negando la petición; pero como el apelante no aporta dato alguno de donde podamos inferir que el tribunal abusó de su discreción o que erró en la resolución, haciendo aplicación de nuestra constante jurisprudencia sobre este particular no intervendremos con esa resolución, la respetaremos y no sostendremos que se cometió error alguno ni abuso de discreción.

Además, no consta en el récord el escrito que firmara el perjudicado pero sí su declaración en que dice que si bien firmó un escrito en que dice haber recibido una satisfacción completa del acusado y que ha sido reintegrado totalmente de la suma de que fué defraudado, él no ha recibido nada de eso y lo firmó únicamente teniendo en cuenta que es un padre de familia. Esto confirma aún más la justicia de la

resolución ya que en verdad el denunciante no fué resarcido de sus perjuicios.

El segundo motivo de error que se alega sostiene que la denuncia es insuficiente por no alegar hechos constitutivos de delito y que el juez debió declarar con lugar la excepción que por ese fundamento formuló contra ella.

La denuncia impugnada dice así:

"Corte Municipal de Mayagüez, P. R. Estados Unidos de Amé rica. El Presidente de los EE. UU. El Pueblo de Puerto Rico contra Herminio Muñoz. ss. Yo, Monserrate Ramírez, vecino de Mayagüez, de 46 años, formulo denuncia contra Herminio Muñoz por delito de falsa representación, cometido de la manera siguiente: Que en 11 de julio a las 8 p. m. y en la calle de la Salud del Distrito Judicial Municipal de Mayagüez, el referido acusado valiéndose de falsas y fraudulentas simulaciones, obtuvo del exponente la suma de 35 dollars los que se apropió para su uso particular defraudándome en el importe de la expresada cantidad, siendo testigos: Natalio Muñoz, Martín Arce, Esteban Flores, José Ortega y José Cordero. Firmado. José Mte. Ramírez, denunciante. Jurada ante mí hoy 11 de julio de 1914. Firmado: Tomás Bryan, Juez de la Corte Municipal de Mayagüez."

El artículo del código en el cual se halla comprendida la denuncia, dice así en lo necesario:

"Artículo 470.—Toda persona que a sabiendas e intencionalmente, valiéndose de falsas y fraudulentas simulaciones defraudare dinero o bienes a otra persona * * * incurrirá en la pena señalada para el hurto de la cantidad de dinero o bienes así obtenidos."

Comparando este precepto legal con los términos en que está redactada la denuncia vemos que ésta sigue sustancialmente las palabras del estatuto y ya hemos dicho en más de una ocasión que esto generalmente es suficiente y que cuando se trata de denuncias y no de acusaciones formuladas por los Fiscales no se exige un tan escrito cumplimiento de la ley en la manera de redactarlas, siendo bastante si informa al acusado del cargo que se le hace. *El Pueblo* v. *Birrier et al,* 18 D. P. R., 270; *El Pueblo* v. *Ortiz,* 17 D. P. R.,

898; *El Pueblo* v. *Fontana,* 16 D. P. R., 658; *El Pueblo* v. *Aranda,* 12 D. P. R., 315; *El Pueblo* v. *Bonilla,* 13 D. P. R., 43.

Aun cuando el apelante echa de menos en la denuncia las palabras "a sabiendas e intencionalmente" y la relación de la manera cómo la falsa representación se cometió, sin embargo teniendo en cuenta que se trata de una denuncia entendemos que no era necesario que estuviera tan perfectamente redactada como lo hubiera hecho un Fiscal, y que informó suficientemente al acusado del delito que se le imputaba.

· El tercer y último motivo del recurso es que la acusación no probó que el apelante cometiera el delito por el que fué condenado. La prueba consistió en tres declaraciones y el conjunto de ellas es que el perjudicado José Monserrate Ramírez acostumbraba entregar dinero a Martín Arce para gastos electorales; que el día a que se refiere la denuncia una persona pidió al perjudicado por teléfono la cantidad de treinticinco pesos que mandaría a buscar diciéndole que era Martín Arce; que poco después fué a buscarlos en nombre de Arce un muchacho a quien llaman Macario, hermano del acusado; que Arce no pidió por teléfono ningún dinero ni tampoco lo recibió y que Macario fué a buscarlo porque su hermano, el acusado, le dijo casi delante de Martín Arce que fuera a buscar un encargo de éste en casa de Ramírez, y así lo hizo, entregando el dinero a su hermano para que se lo diera a Arce, porque éste ya no estaba allí cuando regresó. El acusado era entonces secretario de Arce.

Este breve resumen que hemos hecho de la prueba demuestra por sí solo que fué suficiente para condenar al apelante por el delito de que se le acusó.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.