EL PUEBLO, DEMANDANTE Y APELADO, *v.* CORDERO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en juicio sobre infracción al artículo 553 del Código Penal.

No. 1321.—Resuelto en abril 28, 1919.

DENUNCIAS—ALEGACIONES SUFICIENTES—ARTÍCULO 72 DEL CÓDIGO DE ENJUICIA-MIENTO CRIMINAL.—Según sus propios términos, el artículo 72 del Código de Enjuiciamiento Criminal se redactó para aplicarse a ''acusaciones,'' que son las formuladas por el fiscal, y no a ''denuncias.'' Estas, presentadas en la mayor parte de los casos por personas que no son expertas en el conocimiento de la ley, son juzgadas con criterio menos rígido en cuanto a su forma. Sin embargo, para que la denuncia sea válida debe contener hechos bastantes a informar al denunciado del cargo que se le imputa y constituir tal cargo un delito previsto y castigado por la ley.

ID. — ARTÍCULO 553 DEL CÓDIGO PENAL — ''VOLUNTARIAMENTE'' — INTENCIÓN. — Atendidos los términos del artículo 553 del Código Penal, no es necesario para que se entienda infringido que el hecho constitutivo de la infracción se cometa maliciosamente o con intención criminal. Basta que se realice voluntariamente y una denuncia que así lo alega, es bastante.

ID.—ALEGACIONES.—No imputándose al acusado la infracción consistente en tener abierto su establecimiento a horas prohibidas por la ley, sino el permitir que sus empleados trabajaran después de una hora de la fijada por la ley para el cierre, no es necesario que la denuncia exprese si el establecimiento estaba o no cerrado cuando se realizaba el acto delictivo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Ramón Freyre.*

Abogado del apelado: *Sr. S. Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El Policía Insular Fermín Betances, formuló denuncia contra Pedro Cordero porque "en mayo 17, 1918, y en calle Peral, esquina a Sol de Mayagüez, del Distrito Judicial Municipal de Mayagüez, P. R., el citado acusado Pedro Cordero, que es dueño de un establecimiento industrial de 'zapatería', voluntariamente tenía trabajando a las nueve de la noche a los empleados Carlos Fernández, maestro cortador, y a Manuel Abrahante, Esperanza Abrahante, Robustiano Constantino y Gregorio Fradera, operarios, siendo un día viernes, violando así el acusado el artículo 553 del Código Penal, según se halla enmendado por la Ley No. 26, aprobada el 23 de noviembre de 1917."

Vista la causa en apelación en la corte de distrito, ésta condenó a Pedro Cordero a pagar una multa de veinte dólares y en defecto de pago a sufrir un día de cárcel por cada dólar dejado de satisfacer.

No conforme Cordero, recurrió para ante esta Corte Suprema alegando, en primer término, que la denuncia no se ajusta a las prescripciones del artículo 72 del Código de Enjuiciamiento Criminal y que no aduce hechos suficientes para concluir que el acusado cometió un delito público.

Según sus propios términos, el artículo 72 invocado se redactó para aplicarse a "acusaciones", que son las formuladas por el fiscal, y no a "denuncias". Estas, presentadas en la mayor parte de los casos por personas que no son expertas en el conocimiento de la ley, son juzgadas con criterio menos rígido en cuanto a su forma. Ahora bien, para que sean válidas, es necesario que contengan hechos bastantes a informar a los denunciados de los cargos que se les imputan y que tales cargos constituyan delitos previstos y castigados por la ley. Veamos si tal sucede en el presente caso.

Sostiene el apelante que la denuncia no aduce hechos suficientes porque se limita a consignar que el acusado "voluntariamente" ejecutó el hecho que se le atribuye y omite las

palabras "ilegalmente", "con intención criminal", "malicio-
samente", necesarias a su juicio para que la infracción pueda
castigarse.

El artículo 553 del Código Penal, tal como fué enmendado
por la Ley No. 26 de 23 de noviembre de 1917, no emplea
las palabras a que se refiere el apelante.  Siendo esto así, el
uso de la palabra "voluntariamente" es bastante, ya que ella,
según la misma ley, (Artículo 559 del Código Penal), "apli-
cada a la intención con que se ejecute un acto, o se incurre
en una omisión, implica simplemente propósito o voluntad
de cometer el acto, o de incurrir en la omisión a que se re-
fiere", que es todo lo que exige el legislador.  No es nece-
sario que exista una dañada intención en este caso.  Basta
que se infrinja voluntariamente la ley para que se entienda
cometida la falta que la misma ley castiga.

Sostiene además el apelante que los hechos de la denun-
cia no constituyen delito porque la infracción consiste en
tener el establecimiento abierto y esa circunstancia no se
consigna en ella.  El repetido artículo 553 dispone que
"  *  *  *  todos los días laborables desde las 6 p. m.,
*  *  *  permanecerán cerrados al público y una hora des-
pués de cerrados no se permitirá ninguna clase de trabajo
para los empleados en los establecimientos comerciales e in-
dustriales, con excepción  *  *  *  ."  Como se ve, pueden
cometerse dos diferentes infracciones, una consistente en te-
ner abiertos los establecimientos durante el tiempo en que
la ley manda que permanezcan cerrados y otra en permitir
que los empleados trabajen después de una hora de cerrados
los establecimientos.  La segunda de las infracciones es la
que se imputa al apelante y en tal virtud no puede soste-
nerse que la denuncia sea ineficaz porque no se consigna en
ella que el establecimiento se encontraba abierto.

Como segundo error alega el apelante que no se probó
debidamente en el juicio que Pedro Cordero fuera el dueño
del establecimiento, ni que tuviera trabajando en él para su

beneficio a las personas nombradas en la acusación, ni que éstas fueran los "empleados" a que la ley se refiere.

De la prueba del fiscal se deduce que Cordero era la persona responsable de la infracción. Por ejemplo, el testigo Estrada declaró, sin objeción por parte del acusado, "el día 17 de mayo, de ocho y media a nueve de la noche, en unión del guardia Betances estuve en el establecimiento de zapatería de Pedro Cordero y ví que estaban trabajando en la zapatería varios individuos * * * ." Luego, si algo faltaba, lo completó el propio acusado al presentar como prueba la escritura de 13 de mayo de 1915 por la cual se constituyó una sociedad mercantil en comandita bajo la razón de P. Cordero y Cía., siendo socio comanditario J. Martínez Hernández y gerente y administrador Pedro Cordero, el acusado.

También se deduce de la prueba que los operarios que trabajaban la noche a que se refiere la denuncia eran los operarios regulares del establecimiento, debiendo presumirse que lo hacían con permiso del dueño en ausencia de prueba en contrario. Conviene consignar que la prueba del acusado tendió a establecer el hecho de que si bien los operarios se encontraban en el establecimiento, no trabajaban sino que se dedicaban a la lectura.

Por último en cuanto a si podían considerarse dichos operarios como empleados, nos limitaremos a citar a Bouvier's Law Dictionary, Vol. 1, p. 672, que al establecer el significado de la palabra "employee", dice que "no se aplica usualmente a los altos oficiales de corporaciones o a los sirvientes domésticos, sino a los oficinistas, *obreros,* y labradores, colectivamente."

Por virtud de todo lo expuesto, debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.