EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CRUZ SANTIAGO, acusado y apelante. EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CRUZ SANTIAGO, acusado y apelante.

Nos. 4226 y 4227.—*Sometidos:* Julio 14, 1930. *Resueltos:* Julio 30, 1930.

*Angel A. Vázquez,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Estos casos se originaron a virtud de denuncias presentadas por Marcelino Santiago y José S. Dávila contra Juan Cruz Santiago porque en 12 y 14 de enero de 1929 en Santurce, San Juan, ilegal, maliciosa y voluntariamente, expidió e hizo circular dos cheques, uno de diez dólares, del Banco Territorial y Agrícola, librado *cash* y firmado por Rufino Ruiz, que cambió en el establecimiento de Francisco Betancourt, Avenida Borinquen, 19, Santurce, a sabiendas de que era falso, obteniendo su importe de Betancourt y defraudándole así en la expresada suma; y otro de nueve dólares, del Banco Comercial de Puerto Rico, firmado por Rufino Díaz, que cambió en el cafetín "El Rialto", Parada 43, Santurce, de Hipólito González, a sabiendas de que era falso, obteniendo su importe de González y defraudándolo así en la indicada suma. Contienen las denuncias las frases usuales de "valiéndose de falsas y fraudulentas simulaciones."

El acusado excepcionó ambas denuncias y su excepción fué declarada sin lugar. Llamados los casos para juicio y practicada la prueba del fiscal, el acusado pidió que se le absolviera perentoriamente. No accedió la corte. No introdujo prueba el acusado y la corte dictó sentencias imponiéndole por cada delito tres meses de cárcel.

En apelación insiste el acusado en que la corte de distrito erró al considerar suficientes las denuncias. Sostiene que no aducen hechos constitutivos de materia delictiva, ni menos del delito de falsa representación.

No estamos conformes. ¿Qué mayor falsa representación

que presentar como genuinos cheques que constan al que los presenta que son falsos? ¿Y qué otro fraude más claro que obtener de una persona inocente dinero a virtud de tal falsa representación? No se necesita que la denuncia exprese que el acusado dijo al perjudicado que el cheque era genuino y logró convencerlo de ello. El acto de la presentación del cheque para su canje, es superior al dicho, y lo comprende todo en sí mismo.

Tampoco era necesario expresar más detalladamente la referencia a los bancos que las denuncias contienen. Los bancos no fueron las personas perjudicadas. Estas fueron Francisco Betancourt e Hipólito González, que están perfectamente identificados.

No era necesario por último que se alegara que la firma de Rufino Ruiz y Rufino Díaz que aparecían en los cheques eran falsas. Lo que se necesitaba expresar como se expresó era que los cheques eran falsos y el acusado sabiendo que lo eran los presentó a los perjudicados como genuinos y logró defraudarlos en su importe al obtener de ellos que se los hicieran efectivos.

No debe perderse de vista, además, que se trata de denuncias, no de acusaciones formuladas por un fiscal.

En virtud de todo lo expuesto y visto el caso de *El Pueblo* v. *Muñoz,* 22 D.P.R. 383, *deben confirmarse las sentencias recurridas.*

El Juez Asociado Señor Texidor no intervino.