EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MAXIMINO FERRER BARRETO, acusado y apelante.

No. 4819.—*Sometido:* Junio 17, 1932. *Resuelto:* Julio 29, 1932.

El acusado compareció en persona; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ·ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Maximino Ferrer Barreto, acusado de un delito de falsa representación, fué declarado culpable en primera instancia por la Corte Municipal de San Juan y en apelación por la

corte de distrito del mismo nombre, habiendo sido condenado a sufrir un año de cárcel. Apelada la sentencia para ante este tribunal, el acusado ha radicado un escrito en el cual se limita a querellarse contra ciertos funcionarios de la policía, sin plantear ninguna cuestión legal. Por tratarse de un acusado que compareció personalmente a defenderse, sin estar representado por abogado, examinaremos la denuncia y la prueba para ver si en este caso se ha cometido algún error por la corte inferior que justifique la revocación de la sentencia.

Cinco son los requisitos necesarios para constituir el delito de falsa representación, a saber:

1. Intención de defraudar.
2. Perpetración del fraude.
3. La falsa representación debe ser usada con el propósito de perpetrar el fraude.
4. Conocimiento por el acusado de la falsedad de la representación.
5. Creencia por el dueño de la propiedad en la falsa representación, la cual debe ser la causa que le induzca a desprenderse de dicha propiedad.

En el presente caso la denuncia copia en su primera parte el lenguaje del estatuto, diciendo que el acusado maliciosa y voluntariamente, con intención criminal, y valiéndose de falsas y fraudulentas simulaciones, cambió un cheque por la suma de $8.50 en la tienda del Sr. Manuel Rivera, diciendo que era mandado por el Sr. Bolívar Pagán, siendo todo falso, defraudando de esta manera al Sr. Rivera de la expresada cantidad. Hubiera sido deseable que se hubiera alegado en la denuncia de manera positiva la falsedad del cheque, expresándose que dicho cheque, que aparece autorizado por Bolívar Pagán, nunca fué firmado por éste, y que el acusado conociendo la falsedad del mismo, trató de pasarlo y lo pasó como si fuese válido; pero esta omisión no es fatalmente defectuosa, si se examinan las alegaciones en conjunto, en ausencia de una excepción a la denuncia. En el caso de *People* v.

*Millán,* 106 Cal. 320, 39 Pac. 605, la Corte Suprema de California sostiene que una acusación por falsa representación que no alega directamente que el acusado conociera que la representación hecha por él era falsa, es excepcionable, pero no fatalmente defectuosa. En dicho caso el acusado no interpuso excepción, y la corte sostuvo que la acusación, examinada en su totalidad, era suficiente para sostener el veredicto y la sentencia.

■ Como hemos visto en la denuncia se alega que el acusado defraudó la expresada cantidad de $8.50 al Sr. Rivera. La denuncia alega intención criminal, falsas y fraudulentas simulaciones y la perpetración del fraude. La acusación debe alegar a quién pertenece la propiedad obtenida en virtud de la falsa representación. *El Pueblo* v. *Flores,* 33 D.P.R. 800. Algunas autoridades sostienen que debe alegarse específicamente que la propiedad pertenece a la parte defraudada, ya como dueña o actuando a nombre de otra persona. Otras autoridades opinan que la propiedad no necesita ser alegada por medio de una alegación directa si contiene hechos que demuestran claramente quién es el dueño de los bienes obtenidos. La Corte Suprema de California, en el caso de *People* v. *Skidmore,* 123 Cal. 267, 55 Pac. 984, concede que en muchos casos es esencial la alegación de que la propiedad obtenida por el fraude pertenecía a la parte defraudada, pero opina que la ausencia de esta alegación no es fatal cuando los hechos alegados demuestran la propiedad con tanta suficiencia como si se tratara de una alegación directa. En el presente caso se alega que el acusado cambió un cheque en la tienda del Sr. Manuel Rivera Terón por la suma de $8.50, defraudando de esta manera al Sr. Rivera de la expresada cantidad. Opinamos que de la denuncia se deduce que la suma obtenida pertenecía al Sr. Rivera y que aun cuando la alegación resulta defectuosa no debe considerarse necesariamente fatal en ausencia de una excepción.

■ La acusación debe alegar que la persona defraudada creyó que la falsa representación era cierta. Una alegación, sin embargo, de que la parte defraudada fué inducida por la falsa representación a desprenderse de su propiedad necesariamente implica que creyó dicha representación, aun cuando la acusación no contenga una alegación expresa. *Norris* v. *State,* 25 Ohio St. 217; 18 Am. Rep. 291; *State* v. *Penley,* 27 Conn. 587; *People* v. *Jacobs,* 35 Mich. 36. No es necesaria una alegación específica si la conexión entre la representación y la obtención de la propiedad surge de la faz de la acusación. En el caso de *State* v. *Hinshaw,* 142 Pac. 960, dice la Corte Suprema de Kansas:

"No es necesario que la acusación alegue en tantas palabras que Parsons se desprendió de la propiedad creyendo que el cheque era bueno o confiando en una representación que no era cierta.

" 'Una alegación de que 'por medio de falsa representación' o 'confiando en la falsa representación' o algo similar es suficiente cuando es aparente que la entrega de la propiedad fué el resultado natural de la representación alegada.' 19 Cyc. 430.

" 'No es necesario alegar específicamente que la parte perjudicada creyó en la representación, si la conexión entre la representación y la obtención de la propiedad está suficientemente demostrada por la acusación. . . . Una alegación de que el demandado obtuvo la propiedad por medio de falsas simulaciones es suficiente.' Notas, 19 Cyc. 431.''

En el presente caso se alega que el acusado, valiéndose de falsas y fraudulentas simulaciones, cambió un cheque por la cantidad de $8.50, defraudando al Sr. Rivera de la expresada cantidad. Opinamos que se ha establecido la conexión entre la falsa representación y la obtención de la propiedad, aunque reconocemos que hubiese sido deseable que la alegación se hubiese hecho de una manera más clara. Nos parece que de la faz de la denuncia surge que el Sr. Rivera no se hubiese desprendido de la propiedad si no hubiese creído que la representación era cierta.

■ Examinada la denuncia en su totalidad, creemos que

es suficiente para sostener la sentencia de la corte inferior. Los elementos constitutivos del·delito de falsa representación requieren que las acusaciones se hagan con èl debido cuidado. Sin embargo, este tribunal ha decidido en repetidas decisiones que no se exige la misma precisión en las denuncias que se presentan a las cortes inferiores por *misdemeanor* que en las acusaciones formuladas en las cortes de distrito por *felony*. *Pueblo* v. *Cordero,* 27 D.P.R. 329; *Pueblo* v. *Aranda,* 12 D.P.R. 313; *Pueblo* v. *Bonilla,* 13 D.P.R. 41; *Pueblo* v. *Fontana,* 16 D.P.R. 656; *Pueblo* v. *Muñoz,* 22 D.P.R. 383. La denuncia, tal como está redactada, no contiene defectos sustanciales que perjudiquen los derechos del acusado y si los elementos esenciales del delito resultan sostenidos por la prueba esta corte no debe intervenir para revocar la sentencia de la corte inferior.

De la prueba practicada resulta que el acusado se personó en la tienda de Manuel Rivera Terón con un cheque a la orden del portador, diciendo que tenía instrucciones de Bolívar Pagán para cambiar el referido cheque. El dueño de la tienda, Manuel Rivera Terón, le indicó que fuese donde Bolívar Pagán para que lo endosara. El acusado se marchó y regresó después con otro cheque en otras condiciones, que decía Bolívar Pagán y firmado por Bolívar Pagán, sin nada escrito al dorso. El Sr. Rivera manifestó al acusado que faltaba endosar el cheque. El acusado le indicó que se fijase que el cheque decía Bolívar Pagán. El Sr. Rivera hizo efectivo el cheque, con el propósito de enviarlo a Bolívar Pagán para que lo endosara. El cheque fué expedido contra el Banco de Nova Scotia. El Sr. Rivera pagó al acusado la cantidad de $8.50. Declara dicho Sr. Rivera que Bolívar Pagán negó que hubiese firmado el referido cheque, que fué llamado al cuartel de la policía donde identificó al acusado, a quien le extrajeron del bolsillo quince o veinte cheques más, todos ellos con la firma de Bolívar Pagán. El Sr. Bolívar Pagán declara que no autorizó al acusado ni a ninguna otra

persona para firmar ese cheque, y que la firma no es suya. El acusado declara que no conoce al Sr. Bolívar Pagán ni al Sr. Rivera, y que nunca ha estado en el establecimiento de éste, y que no sabe por qué se le acusa, y que le falta el dedo de la mano derecha que es el dedo que más se necesita para escribir.

Esta es la prueba practicada en este caso. La corte inferior apreció la prueba del Pueblo, la creyó cierta y declaró culpable al acusado. Como hemos visto, éste manifestó a Rivera que llevaba instrucciones de Bolívar Pagán para que cambiase el cheque, y en el acto del juicio declaró que no conocía a Bolívar Pagán. Tabién negó el acusado que hubiese estado en el establecimiento del Sr. Rivera, por quien fué identificado como la persona que le llevó el cheque a nombre de Bolívar Pagán. Se encontró además en el bolsillo del acusado un número de cheques que aparecen firmados por Bolívar Pagán. Esta prueba, apreciada por la corte inferior, es, a nuestro juicio, bastante para demostrar la culpabilidad del acusado y sostener la sentencia dictada en este caso.

*Debe confirmarse la sentencia apelada.*