OLAVARRÍA ET AL., DEMANDANTES Y APELADOS, *v.* THE PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre daños y perjuicios.

No. 1649.—Resuelto en julio 24, 1918.

FERROCARRILES URBANOS — VELOCIDAD — USO DE COSTUMBRE. — Una compañía de ferrocarriles urbanos debe dirigir (*operate*) sus carros a una velocidad tal, que bajo todas las circunstancias sea razonable y compatible con el uso de costumbre de la calle o camino público por parte de los viandantes y vehículos; pero a falta de alguna expresa reglamentación que limite la velocidad de los carros urbanos, el mero hecho de que un carro corra a una gran velocidad, no establece que se le corre de una manera negligente.

NEGLIGENCIA PER SE—CAUSA PRÓXIMA DEL ACCIDENTE.—La mera gran velocidad para viajar no constituye negligencia *per se* sino que es preciso que concurra algún otro elemento, o cuando menos, debe justificarse que la excesiva velocidad fué la causa próxima del accidente.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. J. H. Brown* y *Pedro Amado Rivera.*

Abogados de los apelados: *Sres. Tormes & Honoré.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Estamos convencidos de que de las distintas alegaciones de negligencia propuestas en la demanda la única que la prueba tiende a sostener es la tercera, a saber, que el carro eléctrico iba a una gran velocidad. No se alegó, ni se probó de una manera clara, que el motorista viera al infortunado hombre a tiempo para detener su carro. La teoría de la corte, según se desprende de sus conclusiones de hecho, consiste en que el sitio donde ocurrió el accidente era un sitio peligroso y que por tanto era deber del motorista correr su carro a una velocidad tal que evitase la posibilidad de causar daño a los viandantes. No solamente dejó de hacerse mención alguna en la demanda de algún sitio particularmente peligroso, sino que los apelados no nos han citado jurisprudencia alguna que declare ilegal el correr un carro urbano (*street car*) rápidamente en un sitio peligroso, muy especialmente cuando el sitio no es un cruce público. Una compañía de ferrocarriles urbanos debe dirigir (*operate*) sus carros a una velocidad tal que bajo todas las circunstancias sea razonable y compatible con el uso de costumbre de la calle o camino público por parte de los viandantes y vehículos; pero a falta de alguna expresa reglamentación que limite la velocidad de los carros urbanos el mero hecho de que un carro corra a una gran velocidad no establece que se le corre de una manera negligente. 36 Cyc. 1478, 1479. Y esto sin especial consideración a si el sitio donde el infortunado hombre estaba parado se hallaba o no dentro de la privativa servidumbre del carro eléctrico. La mera gran velocidad para viajar no constituye negligencia *per se* sino que es preciso que concurra algún otro elemento, o cuando menos debe justificarse que la excesiva velocidad fué la causa próxima del accidente.

Es de revocarse la sentencia y devolverse el caso para ulteriores procedimientos.

*Revocada la sentencia y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.