### El Pueblo, Demandante y Apelante, v. Parkhurst, Acusado y Apelante.

#### Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por homicidio involuntario.

No. 1667.—Resuelto en julio 27, 1921.

Homicidio Involuntario—Acusación.—*Quaere:* Si cuando se imputa un homicidio por negligencia es insuficiente una acusación por no expresar los actos constitutivos de la negligencia cuando ésta podía haberse cometido de distintos modos.

Id.—*Bill of Particulars.*—Una moción para un pliego de particulares debe presentarse antes del juicio.

Id.—Bajo una acusación por homicidio involuntario en que meramente se imputa el manejo negligente de un automóvil la admisión de prueba en cuanto a la condición defectuosa de los frenos del vehículo que ocasionó la muerte constituye error perjudicial al acusado. El manejo de un automóvil es cosa distinta de su condición defectuosa por lo que el acusado tenía derecho a saber que había de afrontar el cargo de que los frenos del vehículo no funcionaban bien.

Id.—Prueba Inadmisible.—La velocidad a que iba el automóvil homicida un kilómetro antes de llegar al sitio del accidente no es por lo general una prueba de la velocidad a que pudo ir en el sitio mismo del accidente por lo que la admisión de tal prueba constituye error perjudicial.

Id.—Prueba Inadmisible.—En el presente caso el acusado declaró bajo juramento que tenía cuatro hijos de distintas edades y una esposa. Era una prueba inmaterial y pudo haber sido presentada para ganarse la simpatía del jurado, pero ninguna objeción fué formulada a la misma. Subsiguientemente, en el examen de repreguntas el Fiscal preguntó: ''¿Vive Ud. ahora con su esposa?'' Se hizo objeción a esta pregunta pero la corte admitió la contestación. *Se resolvió:* que habiéndose objetado la pregunta, la contestación no debió permitirse.

Id.—El testimonio de la policía relativo a haber arrestado al acusado de homicidio por causa de negligencia en el manejo de un automóvil en virtud de haber llegado a su conocimiento hechos que le obligaron a practicar tal arresto, es inmaterial y no debió admitirse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. H. G. Molina.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La nueva carretera de San Juan a Bayamón al llegar a esta última ciudad sube considerablemente y hace una curva, según alega el apelante a un ángulo de 90°. Esta pendiente empieza antes de entrar al pueblo y continúa hasta la plaza.

Al llegar al pueblo la carretera se conoce por calle del Dr. Veve. A mediado de la curva y antes de llegar a la plaza la calle del Dr. Veve está cruzada por la del Dr. Barbosa. El día 7 de abril de 1919, a eso de las 5 de la tarde, el apelante Parkhurst iba guiando un carro "Maxwell" en su viaje de San Juan para su casa más allá de Bayamón. Un *truck* bajaba por la calle del Dr. Barbosa en dirección sur y el apelante iba en dirección Oeste, y la prueba, que no ha sido refutada, demuestra que con el fin de evitar él un choque con el *truck* en la intersección de las dos calles viró el carro rápidamente hacia la derecha y pasó sobre la cuneta al lado más allá de la calle del Dr. Barbosa, atrapillando a una señorita contra la pared, ocasionándole lesiones en su pierna a consecuencia de lo cual falleció ésta. Este caso es por consiguiente un proceso por homicidio involuntario. El acusado fué declarado culpable y apeló.

El primer fundamento de error es el de la insuficiencia de la acusación. El fiscal sostiene que como una excepción perentoria a la acusación fué formulada solamente después que el caso había sido llamado a juicio, por esa razón la jurisprudencia sentada en el caso de *El Pueblo* v. *París,* 25 D. P. R. 111 y los casos que lo siguieron son de aplicación en tanto la acusación no determina un delito público. El presente caso ha de distinguirse del de *El Pueblo* v. *París* porque en éste el acusado solicitó y obtuvo de la corte permiso para formular una excepción perentoria. La excepción perentoria alegaba no solamente que la acusación no determinaba un delito público, sino que imputaba más de un delito y que no exponía los hechos como lo exigen los varios apartados de los artículos 71 y 75 del Código de Enjuiciamiento Criminal.

El alegato se limita a discutir la suficiencia de los hechos alegados para constituir un delito público y nuestra revisión se limitará a la misma cuestión.

La acusación sustancialmente es como sigue:

"El citado Wilber P. Parkhurst allá por el día 7 de abril de 1919

y en el pueblo de Bayamón, que forma parte del distrito judicial de San Juan, y en ocasión de guiar un automóvil sin usar la debida prudencia y circunspección, en forma ilegal arrolló con dicho automóvil a la señorita Josefa Rodríguez, causándole fuertes contusiones que le ocasionaron la muerte a las pocas horas.''

El razonamiento del apelante es en efecto, que como la alegada negligencia podría haberse ocasionado de varios modos no existe tal alegación del delito público exigido por los artículos citados del Código de Enjuiciamiento Criminal y que cuando un estatuto es muy general en sus términos es necesaria una especificación, o su equivalente. *United States v. Cruikshank,* 92 U. S. 542; *United States v. Peter,* 56 Fed. Rep. 99; *United States v. Holtshauer,* 40 Fed. 46; *Ainsworth v. United States,* 1 App. Cas., D. C. 518 y otros casos. En el caso de *El Pueblo v. Moreno,* 28 D. P. R. 104, estuvimos dispuestos a creer que el defecto de serlo, era uno de forma que podía subsanarse por un pliego de particulares. Los casos en particular que sostienen la teoría del Gobierno son los de *Smith v. State,* 115 N. E. (Ind.) 943; *Reams v. State,* 100 S. E. (Ga.) 230; *State v. Sartino,* 115 S. W. Mo. 1015.

Sin embargo, no dejamos de tener algunas dudas, y como tenemos pendiente otro caso en el que está envuelta la misma cuestión y puesto que la sentencia ha de ser revocada por otros fundamentos, sugerimos que el fiscal enmiende la acusación para conformarla a la prueba que pretende ofrecer en el juicio. En general si el Gobierno conoce la naturaleza particular de la prueba de negligencia en que pretende fundarse sería mucho mejor práctica, por así decirlo, expresarlo en la acusación, o estar preparado para suministrar al acusado los pormenores antes del comienzo del juicio.

En realidad de verdad el acusado efectivamente solicitó un pliego de particulares pero lo hizo demasiado tarde y sin hacer una suficiente demostración para que podamos decir que la corte sentenciadora cometió abuso de discreción al no conceder la solicitud. Después de haber obtenido el acusado

permiso y formulada una excepción perentoria, la corte la desestimó. Entonces sin permiso específico para ello el acusado presentó primero una moción para un pliego de particulares. La regla es que una solicitud para un pliego de particulares debe presentarse antes del juicio. Las razones son muchas y se indican en el caso de *El Pueblo* v. *París, supra.* Algunas de las reglas que regulan la aplicación de un pliego de particulares se expresan en los siguientes casos. Notas a los casos *State* v. *Lewis,* Ann. Cases 1913 A. 1208; *Commonwealth* v. *Wakeling,* 120 N. E. 209.

En el juicio del caso, el jefe de la policía y otro testigo prestaron declaración tendente a demostrar que los frenos del carro del acusado estaban en malas condiciones. A todas las tentativas para probar la condición del carro al momento del accidente el acusado formuló objeción y tomó excepción. Aparentemente el jefe de la policía y un testigo perito hicieron un pequeño examen de los frenos moviéndolos hacia atrás y hacia adelante, o algo así y pronunciaron entonces veredicto de que los frenos estaban en mala condición, pero no consta que probaran el aparato y en cambio, el acusado y sus peritos declararon de modo muy terminante que el carro estaba en la misma condición que tenía el día del accidente y que los frenos funcionaron bien, aunque era un carro viejo que había estado en uso por espacio de cinco años. Dejando a un lado la cuestión de si la condición no satisfactoria de los frenos fué o no probada, convenimos con el apelante en que toda la prueba respecto a los frenos fué indebidamente admitida. La alegación en la acusación era que él guiaba o manejaba su carro de tal manera que causó la muerte de una señorita. El acusado no fué advertido por la acusación de que había de ser juzgado sobre la condición defectuosa del carro, aunque este supuesto hecho era conocido por el fiscal. El manejo de un carro es una cosa, su condición defectuosa otra, y el acusado debió haber sido advertido que había de afrontar el cargo de que sus frenos

no funcionaban.   En un juicio criminal es necesario que se planteen cuestiones (*issues*) como en otros juicios y el Gobierno debe circunscribirse a las cuestiones reseñadas o notificar al acusado de otras las cuestiones.

La prueba en cuanto a la condición defectuosa de los frenos podría haber sido pertinente a la cuestión de negligencia en relación con la velocidad de acuerdo con las circumstancias y la acusación o pliego de particulares advirtió al acusado de la intención de probar esto, pero como hemos probado esta notificación no fué hecha y bajo una acusación en que se imputa el manejo negligente de una máquina, sin más, la admisión de tal prueba fué un error perjudicial.

El apelante alegó también haberse cometido error al someterse el caso al jurado, pero en cuanto a esto estamos convencidos de que el apelante se había equivocado.   Un número bastante grande de testigos declararon que el acusado subía la pendiente a una velocidad indebida.   Uno de los testigos dijo que el acusado iba a una velocidad de cuarenta millas por hora.   Aunque este testigo puede estar y probablemente está equivocado, era prueba para someterse al jurado.   Uno o dos de los testigos manifiestan que la velocidad era exagerada, o que el acusado iba bastante ligero.   En un accidente ordinario o caso de homicidio es imposible que los testigos suministren un detalle exacto de la velocidad.   Hace mucho tiempo, en el caso de *Davis* v. *Mann,* 10 M. & W. 546, se consideró que la palabra "*smartish*" significaba "demasiado rápido."   Véanse nuestras decisiones en los casos de *El Pueblo* v. *Blandford,* 23 D. P. R. 625; *El Pueblo* v. *Astacio,* 23 D. P. R. 842, y *El Pueblo* v. *Gregorio Torres,* 28 D. P. R. 110.   El acusado hizo un relato circunstancial de la necesidad que tuvo para evitar el choque con el *truck,* de aumentar la velocidad y que al dar velocidad chocó con un poste de telégrafo, se desvió, chocando con la pared, y por tanto que fué un accidente inevitable.   El fiscal alega que si el acusado subía la cuesta en dirección a la ciudad a una velocidad mo-

derada debió haber podido parar el carro.  El acusado in-
siste en que iba a una velocidad moderada y presentó testi-
gos tendentes a establecer el hecho de que el carro no podía
ir a la velocidad exagerada que refirieron los testigos del
Gobierno.  Estas y otras cosas deben ser resueltas por el
jurado sin confundir otras cuestiones como la de la condi-
ción de los frenos.

El apelante alegó también haberse cometido error en el
interrogatorio del Jefe de la Policía Fernández Quiñones.
Este último declaró que estaba llegando a Bayamón el día
del accidente y como a un kilómetro de distancia el acusado
pasó a gran velocidad.  A la pregunta y contestación en
cuanto a esta velocidad antes de llegar a Bayamón el acu-
sado se opuso y tomó excepción.  Fué ciertamente erróneo
y perjudicial el admitir esta prueba.  La velocidad que lleva
un automóvil a media manzana de distancia por lo general
no es una señal de la velocidad a que puede ir un automóvil
en el sitio del accidente.  El sitio descrito por el Jefe de la
Policía como ha declarado y aparece de las fotografías sería
en una parte fuera del pueblo y donde el que maneja un
carro tiene el derecho a emplear mayor velocidad.  El efecto
en el jurado sería darles la idea de que este acusado estaba
muy aprisa todo el tiempo y era un error perjudicial.  Para
dar una referencia específica, la siguiente cita del tomo 22
de Corpus Juris, página 750, es aplicable, a saber:

"La prueba de que un hecho o suceso existió o no, o tuvo lugar
en determinado tiempo, no es admisible para demostrar que otro
hecho o suceso existió o no u ocurrió en otra fecha, a menos que los
dos hechos o sucesos estén relacionados en algún modo especial que
indique su pertinencia fuera de la mera semejanza en ciertos parti-
culares."

El acusado declaró bajo juramento que tenía cuatro hijos
de distintas edades y una esposa.  Era una prueba inmate-
rial y pudo haber sido presentada para ganarse la simpatía
del jurado, pero ninguna objeción fué formulada a la misma.

Subsiguientemente, en el examen de repreguntas el fiscal preguntó: "¿Vive usted ahora con su esposa?" Se hizo objeción a esta pregunta pero la corte admitió la contestación. Esto constituyó error. Someter una cuestión de una controversia respecto a las relaciones domésticas del acusado no era sino confundir las cuestiones y fué enteramente colateral. Posteriormente se preguntó al acusado por qué no vivía con su esposa, pero la corte excluyó la pregunta. Si este fuera el único error en el caso quizás no lo consideraríamos perjudicial.

Aunque no fué directamente motivo de excepción, se permitió al Jefe de la Policía declarar que llegaron a su conocimiento hechos que le obligaron a practicar el arresto del acusado. Esto fué una prueba enteramente inmaterial y nada tenía que ver con el caso. Era más o menos dar indirectamente la opinión del testigo respecto a la culpabilidad del acusado puesto que el funcionario dijo que había hecho una investigación y arrestado al acusado. El interrogatorio de funcionarios de policía y otros debe limitarse a los hechos esenciales a la cuestión que son conocidos por ellos o admisiones o confesiones del acusado. *El Pueblo* v. *Valle,* resuelto en junio 2, 1921, (pág. 555).

Hubo también una moción para un nuevo juicio. Aunque los *affidavits* sobre la alegada prueba descubierta nuevamente no eran tan claros como podrían haber sido era patente que el acusado con anterioridad al juicio no pudo encontrar ninguna prueba para contradecir al conductor del *truck* y que descubrió alguna tendente a ese fin después del juicio. Este conductor del *truck* declaró que detuvo su máquina antes de llegar a la calle del Dr. Veve y haría aparecer que el acusado con el camino libre de obstáculo deliberadamente cambió la dirección, se metió en la acera y agolpeó a la joven. Si el fiscal no pretende basarse en un freno defectuoso enmendando su acusación en este particular y no tiene otra prueba que la presentada en el juicio, la cuestión que ha de

someterse al jurado sería si la velocidad del acusado fué tan negligente que es la causa próxima del accidente que causó la muerte.

La sentencia apelada debe ser revocada, debiendo devolverse el caso para la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.