# CASOS RESUELTOS

EN LA

# CORTE SUPREMA DE PUERTO RICO

EL PUEBLO, DEMANDANTE Y APELADO, *v.* PIÑERO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por homicidio involuntario.

No. 1643.—Resuelto en julio 14, 1922.

HOMICIDIO INVOLUNTARIO—SUFICIENCIA DE LA ACUSACIÓN—NEGLIGENCIA.—Generalmente es suficiente una acusación que sigue las palabras del estatuto que define el delito y especifica el lugar y día en que el hecho se cometió; y cuando se imputa negligencia en términos generales y se alegan las circunstancias bajo las cuales dicha negligencia tiene lugar, el hecho de no especificar la acusación la naturaleza particular de la negligencia, de ser un defecto lo es de forma.

ID.—ESPECIFICACIÓN DE PARTICULARES (*Bill of Particulars.*)—Aun cuando en una petición del acusado para una especificación de los hechos (*bill of particulars*) éste sólo alegue que no puede preparar su defensa sin enterarse de los hechos o actos que se califican de ilegales, si aparece de la prueba que el hecho imputado pudo ocurrir de muchas maneras, procede que el tribunal de apelación, en el ejercicio del poder general que tiene, y en bien de la justicia, ordene que se conceda al acusado la moción sobre especificación de hechos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. H. Brown.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante fué acusado y condenado por un delito de homicidio involuntario imputándosele en la acusación que en la fecha en ella expresada, en Santurce, que forma parte del Distrito Judicial de San Juan, y en la calle del Parque, en ocasión en que como motorista de un carro eléctrico guiaba dicho carro cerca de la parada 42, de una manera ilegal y voluntaria, y por no usar la debida prudencia y circunspec-

1

ción, arrolló con el carro al niño Salvador Arreche el que falleció a las pocas horas a consecuencia de las heridas recibidas.

El acusado formuló en la corte inferior excepción previa contra esa acusación por ser insuficientes los hechos en ella expuestos y habiendo sido declarada sin lugar presentó una petición jurada para que el fiscal le suministrara una relación de los hechos en que funda su acusación (*bill of particulars*) expresando los actos u omisiones realizados por el peticionario porque de otro modo no le sería posible preparar su defensa, moción que fué negada.

Celebrado el juicio ante un jurado y dictada sentencia condenatoria ha interpuesto este recurso de apelación en el que alega varios motivos de error en la corte inferior, resumiendo los siete primeros en la siguiente conclusión: "La acusación es insuficiente para satisfacer los requisitos de la Enmienda VI de la Constitución de los Estados Unidos o el artículo 2 de la Ley Orgánica de Puerto Rico o del párrafo 3 del artículo 75 del Código de Enjuiciamiento Criminal." En otras palabras, que no cumple con el requisito "de ser informado de la naturaleza y causa de la acusación" porque faltan en ella dos requisitos fundamentales: primero, porque no contiene alegación de hechos de la cual resulte la existencia de un deber por parte del acusado para con Salvador Arreche; segundo, porque no contiene alegación de los actos u omisiones que constituyeron la negligencia punible.

La acusación en este caso sigue las palabras del estatuto que define el delito de homicidio involuntario y especifica el lugar y día en que el hecho ocurrió y se ha dicho por nosotros en varios casos y también por otros tribunales que generalmente es suficiente una acusación redactada de ese modo. *El Pueblo* v. *Pizarro*, 21 D. P. R. 17; *El Pueblo* v. *Birriel*, 18 D. P. R. 265; 22 Cyc. 339, nota 6; *Whiting* v. *State*, 36 Am. Dec. 499; *State* v. *Russel*, 23 Pac. Rep. 418. En el caso

de *Riggs* v. *State,* 3 N. E. 888 se dice: "La Constitución no exige que un acusado tenga derecho a una relación específica del cargo que se le hace sino que lo que requiere es que debe ser informado de la naturaleza del cargo." En el de *Rathbun* v. *White,* (Cal.) 107 Pac. Rep. 309, se dice: "Es suficiente de acuerdo con regla bien establecida en este Estado imputar negligencia con la afirmación general de que el demandado negligentemente hizo el acto particular del cual resultó el daño al demandante." En el de *Kennedy* v. *Hawkins,* (Oregon), 102 Pac. 733, 25 L. R. A., New Series, 607, se dice que la demanda no puntualiza específicamente el acto particular de negligencia u omisión del deber pero que no es necesario establecer los actos particulares que demuestran el acto u omisión que ha sido negligente, y que cuando la demanda contiene una alegación general de negligencia y el demandado contesta sin pedir que la alegación se haga más definida es competente la prueba de cualquier negligencia dentro del alcance de la alegación. También se declara en *Fisher* v. *Western Fuse & Explosive Co.,* (Cal.), 108 Pac. 660, que es suficiente alegar que un acto fué negligentemente hecho por el demandado y que causó daño al demandante.

Alega el apelante que si bien esa es la regla general cuando la definición de un delito emplea términos genéricos, como en este caso en que la falta de debida prudencia y circunspección ha podido ser debida a distintos actos u omisiones, la acusación debe ser más específica y relacionar los actos u omisiones que la han producido para que el acusado pueda preparar su defensa. Igual cuestión fué propuesta en el caso de *El Pueblo* v. *Parkhurst,* 29 D. P. R. 922, y entonces dijimos con una acusación análoga a la presente que el defecto, de serlo, era de forma y que podría subsanarse con un pliego de particulares (*bill of particulars*) y citamos los casos de *Smith* v. *State,* 115 N. E. (Ind.) 943; *Reams* v. *State,* 100 S. E. (Ga.) 230, y de *State* v. *Sartino,*

115 S. W. (Mo.) 1015. También hicimos referencia al caso de *El Pueblo* v. *Moreno,* 28 D. P. R. 104, cuya acusación es idéntica a la de este caso y habiéndose alegado que en ella no se expusieron los hechos constitutivos de un delito público por no haber sido especificados los actos de negligencia o descuido declaramos que cuando se imputa negligencia en términos generales y se alegan las circunstancias bajo las cuales dicha negligencia tiene lugar, el hecho de no especificar la naturaleza particular de la negligencia de ser un defecto lo es de forma y que el acusado hubiera tenido derecho a una especificación de particulares si lo hubiera pedido. En los casos de *Coffin* v. *United States,* 156 U. S. 452; *Rosen* v. *United States,* 161 U. S. 34; *Dunlap* v. *United States,* 165 U. S. 490, y *Kirby* v. *United States,* 174 U. S. 64, se dice que cuando se desean conocer hechos para preparar la defensa debe hacerse una moción en tal sentido (*bill of particulars*) a la corte antes del juicio; y en las notas al caso de *State* v. *Lewis,* Am. Ann. Cas. 1913 A, página 1203, se trata extensamente esta cuestión con citas de sentencias según las cuales el derecho a una especificación de particulares no es absoluto sino discrecional en la corte y que sólo cuando haya abuso de tal discreción será revocada la negativa a conceder la petición.

En este caso el acusado pidió una especificación de particulares y se le negó. El acusado, como fundamento de su petición, se limitó a decir que no podía preparar su defensa sin enterarse de los hechos, los actos u omisiones que se califican de ilegales o constitutivos de falta de debida prudencia y circunspección. Debió ser más explícito para convencer a la corte de que le sería imposible o difícil preparar su defensa, por lo que se nos hace difícil declarar que al negar tal moción la corte abusó de su poder discrecional para concederla, pero como el examen que hemos hecho de la prueba nos demuestra que en verdad el hecho imputado pudo ocurrir de muchas maneras pues por las declaraciones de unos

testigos el acusado llevaba el carro eléctrico a una gran velocidad; según otros no tocaba la campana de aviso; se declaró también que no estaba encendida la luz delantera del carro y que no miraba para la vía férrea por estar distraído mirando a unas jóvenes que pasaban por la acera derecha de la calle. Todo esto nos convence de que en bien de la justicia y bajo el poder general que tenemos debe revocarse la sentencia apelada a fin de que sea concedida la moción que hizo sobre especificación de hechos (*bill of particulars*).

> *Revocada la sentencia apelada y devuelto el caso para la celebración de nuevo juicio.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no tomó parte en la resolución de este caso.