EL PUEBLO, DEMANDANTE Y APELADO, *v.* VÁZQUEZ, ACUSADO Y APELANTE.

No. 2151.—*Visto:* Enero 17, 1924. *Resuelto:* Mayo 26, 1924.

HOMICIDIO INVOLUNTARIO—PRUEBA—VEREDICTO CONTRARIO A LA PRUEBA.—Acusado un motorista de homicidio involuntario imputándosele negligencia por no haber parado el tranvía en determinado sitio que se alegó era una parada obligatoria, por no haber tocado la campana y por haber llevado el tranvía a toda velocidad en dicho sitio, *se resolvió:* que habiéndose demostrado que la parada no era obligatoria; no habiéndose probado concluyentemente que el acusado no tocara la campana y resultando que el sitio donde ocurrió el accidente no era un lugar urbanizado y que tampoco existían otras razones legales para parar o reducir la velocidad, tanto el veredicto como la sentencia condenatoria fueron contrarios a la prueba.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Distrito Segundo), condenando al acusado a un año de presidio por homicidio involuntario. *Revocada y absuelto el acusado.*

*J. H. Brown* y *C. Ruiz Nazario,* abogados del apelante; *José E. Figueras, fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Si bien existen varios señalamientos de error hay uno el cual estamos convencidos que debe originar una revocación bajo cualquier aspecto de las alegaciones y de la prueba, a saber, que el veredicto y sentencia son contrarios a la prueba. Discutiremos este señalamiento.

La acusación fué formulada por el delito de homicidio involuntario contra el acusado, que era el motorista de un carro eléctrico toda vez que él fué acusado en efecto colectiva o disyuntivamente, primero de negligencia por no haber parado el carro en la parada 28, que se alegó era obligatoria; segundo, al no tocar la campana, y, tercero, en la forma en que se ha ampliado o quizás ha de entenderse según el pliego de particulares (*bill of particulars*) al haber corrido el carro a toda velocidad en el sitio en particular donde ocurrió el accidente.

En el juicio se demostró concluyentemente y aceptó la corte en sus instrucciones que la parada 28, donde el accidente tuvo lugar, no era una parada obligatoria, de modo que esa alegada afirmación de negligencia el jurado no tenía derecho alguno a considerar, de acuerdo con la ley como le fué presentada.

La prueba de los testigos del Gobierno no fué satisfactoria en cuanto al acto del acusado de no tocar la campana. Ninguno de dichos testigos declaró categóricamente respecto a tal omisión en tocar la campana y uno de ellos manifestó que el sonido no podía ser oído dado el ruido que producía la guagua que allí había. La corte instruyó al jurado sobre esta condición poco satisfactoria de la prueba, y no encontramos que el gobierno presentara un caso suficiente en este sentido. Cualquier duda acerca de este punto creemos

que debe disiparse por el análisis del siguiente o tercer cargo de negligencia.

El finado viajaba de San Juan a la Parada 28 en una guagua. Al llegar allí la prueba en substancia es que él pasó a la parte trasera de la guagua o, según algunos testigos, al frente de la misma, sacó de allí su maleta y, al parecer, sin dar una mirada en una u otra dirección, cruzó frente al carro eléctrico que iba a toda velocidad. Un testigo manifestó que el interfecto iba mirando hacia el suelo.

La prueba tiende a demostrar que la parada 28 no es un sitio urbanizado donde, de no haber una razón legal para parar o reducir su velocidad, el carro tiene derecho a correr a toda velocidad. *Olavarría* v. *Porto Rico Railway, Light & Power Co.*, 26 D.P.R. 645; *Morales* v. *Porto Rico Railway, Light & Power Co.*, 27 D.P.R. 769. La razón para ir rebajando la velocidad o parar, entre otras, pueden ser las condiciones actuales que puedan claramente observarse, como, por ejemplo, una aglomeración de personas o vehículos, o la presencia de una persona en la vía.

En cuanto a la presencia de una persona en o cerca de la vía, la prueba es clara de que el motorista no vió realmente al interfecto, o ninguna posición de peligro por parte de este último hasta que ya era demasiado tarde para parar el carro. En este caso no podía surgir ninguna negligencia por la falta en observar la vía.

Considerado el hecho de que el carro tiene derecho a correr a toda velocidad en la parada 28, la probabilidad o posibilidad de que alguna persona cruce la vía debe ser razonablemente aparente, o estar dentro de la acostumbrada experiencia de un motorista en ese lugar. Tal experiencia o deber no fué probado por el gobierno.

En el caso de *Vidal* v. *Porto Rico Railway Light & Power Co.*, 32 D.P.R. 769, indicamos que un sitio en particular, aun en la servidumbre de vía (*right of way*) de una compañía de trenes, puede ser de tal modo usado o cruzado por el público, que aumente el deber de tener cuidado por

parte de un motorista, pero la prueba no nos convence de que la parada 28 era tal sitio. Un testigo manifestó que el sitio era susceptible de aglomeración de gente a la hora del tren, pero no había prueba aquí de la existencia de tal aglomeración al ocurrir el accidente. Ni siquiera el peligro para las personas que desean entrar o salir del tren en este sitio en particular quedó demostrado. No hay nada que demuestre que las guaguas siempre paraban en una forma determinada o en un lugar particular de donde hubiera de temerse peligro. No tenemos ninguna vacilación en decir que no hubo prueba para someter al jurado, ninguna prueba de la cual el jurado tenía derecho a inferir que el acusado había sido culpable de alguna violación de un deber que la condición de la ley le impone.

Hemos dado a esta discusión, tal vez, más amplitud que lo que realmente justifica el estado de las alegaciones. El acusado solicitó un pliego de particulares (*bill of particulars*) y la moción fué declarada con lugar. En cuanto a este tercer cargo que hemos estado considerando, el pliego de particulares decía:

"3. Que el motorista pasó a toda velocidad no obstante ser la parada obligatoria y un sitio de tráfico público por donde el interfecto, como cualquier ciudadano, tenía derecho a pasar."

De modo que, en realidad, el acto de negligencia imputado fué en no rebajar la velocidad debido al carácter obligatorio alegado de la parada 28. El caso, como ha sido demostrado por el interrogatorio de los testigos, fué una tentativa por probar la naturaleza obligatoria de la parada. En el pliego de particulares no se alegó ningún deber general por razón de las circunstancias especiales.

El apelante alegó haberse cometido error debido a la insuficiencia de la acusación en seguir las palabras generales del estatuto. Hemos considerado estos particulares en el caso de *El Pueblo* v. *Parkhurst*, 29 D.P.R. 920, y *El Pueblo* v. *Piñero*, 31 D.P.R. 1. Además, el pliego de particula-

res hacía más amplia la acusación y las deficiencias de este pliego de particulares, creemos, que son detalles que podían ser subsanados por el veredicto. Que la prueba no tendió a sostener la acusación como fué ampliada, es nuestra verdadera razón para la revocación.

El apelante promueve la cuestión de jurisdicción de la corte debido a la alegada vigencia de la ley No. 41 de 1921, (p. 287), y por tanto de la jurisdicción de la Corte de Distrito de San Juan, Segundo Distrito. La mayoría ha sostenido la suficiencia de esta ley en el caso de *Toro et al.* v. *Corte de Distrito de San Juan,* 30 D.P.R. 542 y los casos sucesivos. Si esa ley era nula parecería que la Corte de Distrito, Segundo Distrito, tenía jurisdicción del delito por razón de la anterior constitución de esa corte. De todos modos, como estamos ordenando una absolución no es necesaria mayor consideración del asunto.

*La sentencia debe ser revocada y absuelto el acusado.*