La Sucn. de Vicente Soltero Pagán, representado por su viuda Trinidad Acosta y sus hijos Vicente, Alberto y Félix Pagán Acosta, demandantes y apelantes, *v.* Porto Rico Railway, Light & Power Company, demandada y apelada.

No. 3641.—*Visto:* Noviembre 13, 1925. *Resuelto:* Julio 15, 1926.

1. Apelación y Error—Revisión—Cuestiones de Hecho, Veredictos y Conclusiones—Conclusiones del Tribunal Inferior Sobre la Prueba—Suficiencia de Ésta para Sostener Aquéllas.—En el caso de autos—acción de daños y perjuicios por muerte—la demanda se declaró sin lugar por insuficiencia de la prueba del demandante para sostener los alegados actos constitutivos de culpa y negligencia de los empleados de la demandada. Examinada la prueba y la demanda, *se resolvió* que las conclusiones de la corte inferior sobre la prueba estaban plenamente justificadas por dicha prueba.

2. Ferrocarriles Urbanos *(Street Railroads)*—Reglamentación y Explotación *(Operation)*—Acciones por Daños Causados—Evidencia—Suficiencia de la Misma—Negligencia Contributoria y Descuido—Persona que Cruza la Vía Férrea.—En este caso—acción de daños y perjuicios por muerte—*se resolvió* la evidencia demostraba que la muerte ocurrió por negligencia y descuido del causante de los demandantes.

Sentencia de *Charles E. Foote,* J. (San Juan, Primer Distrito), declarando sin lugar la demanda con costas. *Confirmada.*

*Luis Muñoz Morales y José G. Torres,* abogados de la apelante; *T. H. Brown,* y *Clemente Ruiz Nazario,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La sucesión de don Vicente Soltero demandó a la **Porto Rico Railway, Light & Power Co.** reclamándole indemnización por la muerte de su causante don Vicente Soltero alegando que ocurrió en la parada 28 de la línea férrea de carros eléctricos por culpa y negligencia de los empleados de la demandada, consistente en que no detuvieron el carro en dicha parada siendo obligatoria, en omitir el aviso o toque de campana al acercarse el carro eléctrico a dicho sitio y en mantener en mal estado los frenos y su mecanismo.

Celebrado el juicio, la corte de distrito dictó sentencia declarando sin lugar la demanda fundándose en que la evidencia que presentaron los. demandantes no era suficiente para sostener sus alegaciones porque no se probó que fuera obligatoria la parada de los carros en aquel sitio sino que solamente se detienen allí para coger o dejar pasajeros; que la preponderancia de la evidencia está en contra de los demandantes en cuanto a que el motorista no tocara la campana en señal de peligro y que lo que la evidencia tiende a probar es que el accidente se debió única y exclusivamente a la negligencia o descuido del propio interfecto que no guardó la necesaria precaución cuando después de desmontarse de una diligencia automóvil (*guagua*) en aquel sitio para dirigirse a la estación del ferrocarril se lanzó ciegamente sobre la vía de los carros eléctricos, en los momentos mismos en que se acercaba el carro que lo arrolló, sin que el motorista pudiera darse cuenta de su presencia con tiempo bastante para evitar el accidente.

Contra esa sentencia ha interpuesto esta apelación la parte perjudicada por ella alegando como único motivo de su recurso que la corte inferior cometió error al considerar que no se justificaron las alegaciones de la demanda.

[1, 2] Hemos examinado la evidencia presentada en el juicio en la corte inferior y las conclusiones de ésta las en-

contramos plenamente justificadas, pues no solamente dejaron de presentar los demandantes evidencia de que el carro eléctrico que causó la muerte por la cual se reclama no estaba en buenas condiciones, lo que quiere deducirse por los apelantes del mero hecho de no haberse detenido a distancia de cinco metros, sino que por el contrario la demandada probó con un perito que el carro tenía su mecanismo y frenos en buenas condiciones.   No probaron los demandantes estatuto, ordenanza o reglamento que impusiera deber a la demandada de detener su carro en aquel sitio; la evidencia en cuanto a si fué tocada la campana de alarma fué contradictoria aunque preponderante en favor de la demandada.   Y también convenimos con la corte inferior en que lo que demuestra la evidencia es que la muerte ocurrió por negligencia y descuido de don Vicente Soltero quien llegó a aquel sitio en una *guagua* de la que bajó y cogió su maleta para atravesar la vía para llegar a la estación del ferrocarril sin darse cuenta de que estaba muy próximo un carro de la demandada, que lo arrolló a pesar de que el motorista trató de pararlo dándole contramarcha, hecho que es muy parecido al ocurrido en el caso de *García* v. *San Juan Light & Transit Co.,* 17 D.P.R. 627.   En el caso de *El Pueblo* v. *Vázquez,* 33 D.P.R. 194, se juzgó la responsabilidad criminal del motorista por el mismo hecho que motiva esta apelación y después de una extensa opinión en que se trataron detenidamente las cuestiones envueltas en este recurso, revocamos la sentencia condenatoria y absolvimos al acusado.

*La sentencia apelada debe ser confirmada.*