El Pueblo de Puerto Rico, demandante y apelado, *v.* Leonardo Ortiz Calderón, acusado y apelante

No. 3532.—*Sometido:* Diciembre 11, 1928. *Resuelto:* Febrero 19, 1929.

*L. Tormes* y *F. Parra Toro*, abogados del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La acusación que tenemos ante nos, después de expresar las correspondientes alegaciones relativas a la fecha, sitio y cosas similares, imputaba en efecto al acusado Leonardo Ortiz Calderón, que mientras guiaba un autocamión sin ejercer el debido cuidado, es decir, sin tocar bocina o aparato de dar aviso, ni usar el freno de emergencia, y caminando a una velocidad exagerada, arrolló y mató a Ramón Negrón. El caso fué visto ante el jurado y el acusado declarado convicto y sentenciado a dos años de presidio con trabajos forzados.

El apelante discute los dos primeros señalamientos de error conjuntamente y ataca la suficiencia de la acusación. Sin ningún argumento real, el apelante dice que la acusación era deficiente al no alegar si el sitio donde ocurrió el accidente es uno concurrido y poblado; si el tráfico era numeroso o no, si el autocamión estaba dotado de una bocina, freno, etc., y si el acusado dejó negligentemente de usarlos. El acusado entonces sigue discutiendo lo que ocurrió durante el juicio. Si el automóvil en realidad no tenía ninguno de estos aparatos de seguridad, la negligencia del acusado era aun mayor. La acusación tal vez pudo redactarse de otro modo o alegar diversas formas de negligencia en narraciones separadas, pero el acusado no hizo objeción alguna a este respecto. La causa próxima del accidente fué la velocidad mantenida por el apelante hasta el momento mismo del accidente. Él no tenía el dominio debido del autocamión, según exige la ley. *El Pueblo* v. *Francis*, 19 D.P.R. 692; *El Pueblo* v. *Blandford*, 23 D.P.R. 625; *El Pueblo* v. *Lebrón*, 23 D.P.R. 658.

Igualmente .convenimos con el fiscal en que las objeciones alegadas participaban de la característica .de defectos de forma y el acusado debió haberse opuesto antes del juicio, o debió haber solicitado un pliego de particulares. *El Pueblo* v. *París,* 25 D.P.R. 111; *El Pueblo* v. *Parkhurst,* 29 D.P.R. 920.

La conclusión de que el acusado no estaba ejerciendo el debido cuidado, según se alegaba en la acusación, fué sostenida ampliamente por la prueba, la cual tendió a demostrar que el día en que ocurrió el accidente el apelante venía guiando un autocamión que se dirigía de Ponce a Aibonito; que al acercarse a esta última ciudad se encontró con el entierro de un policía; que había un buen número de personas congregadas, entre ellas varios policías que asistieron a las ceremonias; que uno o más de los policías notaron que el autocamión venía a gran velocidad y sin dar ningún aviso de alarma; que uno de los policías trató de indicar al acusado que detuviera el camión, pero que a pesar de sus esfuerzos el camión continuó marchando a la misma velocidad, y que cuando el acusado estaba bien cerca de la multitud, se desvió hacia a un lado con el propósito de evitar un choque, pero que no obstante, el camión arrolló a varias personas y mató a Ramón Negrón. La prueba del Pueblo tendió a demostrar que los frenos del camión estaban en mal estado y además que el acusado le había admitido a alguien que él sabía que los frenos estaban defectuosos. Bajo estas circunstancias no hay necesidad de considerar ninguno de los señalamientos de error que se refieren directamente a la prueba.

El tercer señalamiento se refiere al hecho de haber dejado la corte de instruir al jurado sobre ciertos aspectos de la ley sobre negligencia criminal. A petición del acusado la corte dió ciertas instrucciones relativas a la misma, y a la terminación de dichas instrucciones el acusado dejó de tomar excepción específicamente, o de solicitar instrucciones adicionales. Dudamos que se cometiera error alguno, pero de ha-

berse cometido, fué renunciado. *El Pueblo* v. *Boria,* 12 D.P.R. 171; *El Pueblo* v. *Llauger,* 14 D.P.R. 549.

■ El acusado se quejaba de ciertas instrucciones dadas por la corte casi literalmente del caso de *El Pueblo* v. *Blandford, supra.* Ese caso tal vez se refiera específicamente a los deberes de un acusado que pasa junto a personas que marchan en la misma dirección por una carretera, pero en realidad se refiere a los deberes generales de un acusado cuando guía un automóvil. El fiscal conviene en que en el presente caso la multitud se dirigía en dirección contraria. Tanto la corte como el apelante han citado el caso de Blandford para justificar sus posiciones respectivas. La corte automáticamente citó pasajes de dicho caso, que necesariamente no tenían aplicación alguna. No hallamos que el acusado sufriera perjuicio alguno con motivo de las citas erróneas. Meras palabras superfluas no son generalmente fundamento para señalamientos de error.

■ El quinto señalamiento se refiere a haber dejado la corte de instruir al jurado que el acusado, al igual que los viandantes, tenía derecho a esperar que los peatones le dejaran paso, o algo a ese efecto. Sin embargo, nadie tiene derecho a caminar por una carretera a una velocidad indebida, y los hechos del presente caso, según podemos ver, no requerían ninguna instrucción específica y la corte estuvo justificada al declarar sin lugar tal súplica.

*La sentencia debe ser confirmada.*