EL PUEBLO v. ARANDA.

Apelación procedente de la Corte de Distrito de Humacao.

No. 65.—Resuelto en mayo 8, 1907.

DENUNCIA—REQUISITOS—LUGAR EN QUE SE COMETIERA EL DELITO.—Las formalidades á que debe ajustarse una denuncia son menos rigurosas que las que se exigen para una acusación, y si en aquella no se especifica el lugar en que se

cometiera el delito, pero indica que fué cometido dentro del distrito judicial de la corte municipal en que dicha denuncia se presentara, ésta es suficiente, aunque sería mejor práctica especificar el sitio exacto en que se cometió el delito.

ID.—LA DENUNCIA NO TIENE QUE ESTAR FIRMADA POR EL FISCAL.—Aunque es necesario que la acusación esté firmada por el fiscal, no hay precepto alguno que exija esto mismo con respecto á la denuncia, la que puede formularse por medio de declaración jurada del querellante, ó de la autoridad ó funcionario que hubiere arrestado al acusado.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—ALEVOSÍA.—El acto ejecutado por el acusado al disparar tres tiros de su revólver contra el denunciante es suficiente para calificar el delito de acometimiento y agresión con circunstancias agravantes, y la concurrencia ó falta de alevosía por parte del acusado no influye para nada en la calificación del delito ó en la imposición de la pena.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

La siguiente acusación fué presentada contra José Aranda Massó en el distrito municipal de Caguas:

"En la corte municipal del distrito judicial municipal de Caguas.—Estados Unidos de América.—El Presidente de los Estados Unidos, ss.—*El Pueblo de Puerto Rico* v. *José Aranda Massó.*—No. 618.—En la ciudad de Caguas á 26 de noviembre de 1906, ante mí Pedro Vergne de la Concha, juez municipal, compareció Rafael San Millán, Teniente de la Policía Insular, vecino de Caguas, y después de prestar juramento en forma legal, dijo: que establece la presente querella á nombre del Pueblo de Puerto Rico contra José Aranda Massó, vecino del barrio de  *  *  *  por el delito de acometimiento, cometido el 26 de noviembre en el distrito judicial de esta corte, en la siguiente forma: que el acusado como á las 10 y 45 p. m., de la noche anterior, alevosamente acometió al ciudadano Gerardo Martí, disparándole tres tiros con un revólver. Son testigos de este hecho Clemente Aponte, Josefa Martí, Nicolasa Bruno, y Carmen Martí. Firmado Rafael San Millán, Teniente Policía Insular. Jurada y suscrita ante mí hoy 26 de noviembre de 1906.—José Molina, Juez de Paz Instructor."

Se estableció apelación ante la Corte de Distrito de Humacao, en cuya corte el abogado del acusado hizo una moción,

solicitando la desestimación del caso, antes de que se presentara alguna prueba, fundando dicha moción en el hecho de que no constaba que el delito por el cual se denunciaba al acusado hubiese sido cometido en la jurisdicción de la corte de Caguas. Esta moción fué desestimada por la corte. Sería una práctica mejor el que la denuncia especificara el verdadero sitio en que el delito se cometió, particularmente porque la jurisdicción de la corte municipal situada en Caguas incluye á Caguas y Aguas Buenas, según la ley sobre Organización Judicial de marzo 10, 1904.

Sin embargo, el artículo 82 del Código de Enjuiciamiento Criminal, en su párrafo 4 revela que una acusación es suficiente si de ella puede venirse en conocimiento de que el delito fué cometido en algún lugar dentro de la jurisdicción de la corte. Aún menos detalles se exigen para las denuncias que para las acusaciones, y solamente se haría un esfuerzo solicitando el sobreseimiento de una causa, cuando en la denuncia se ve que el delito fué cometido dentro del distrito judicial de dicha corte municipal. La corte de distrito procedió correctamente al desestimar la moción. Después el abogado del acusado solicitó en otra moción el sobreseimiento del caso, fundando su petición en la "forma y validez" de la denuncia. Esta moción fué desestimada por la corte, y terminado el juicio, el acusado fué condenado á sufrir año y medio de prisión en la cárcel del distrito, y al pago de una multa de trescientos dollars y las costas.

En la apelación ante este tribunal el abogado del apelante alega que además del error cometido por la corte desestimando su primera moción, la denuncia no expresaba de una manera clara y distinta la alevosía con que el acto había sido realizado.

Opinamos con el fiscal en que el hecho de que el delito se haya efectuado con alevosía ó sin ella, no efecta en la calificación del mismo, ni en la imposición de la pena, siendo suficiente el hecho de que el acusado disparara tres tiros de su

revólver para calificarlo de acometimiento y agresión con circunstancias agravantes.

Otra objeción formulada por el apelante es que la denuncia no fué firmada por el fiscal. Si bien es cierto que este requisito es necesario en las acusaciones, no hay ley alguna que lo exija en las denuncias.

El artículo 22 del Código de Enjuiciamiento Criminal, según ha sido enmendado por la ley de 12 de marzo de 1903, dice entre otras cosas, que una denuncia puede formularse por medio de declaración jurada del querellante, (*prosecuting witness*), ó por la autoridad ó funcionario que arreste al acusado, como sucedió en el presente caso.

Ninguno de los hechos del caso han sido presentados ante este tribunal por medio de un pliego de excepciones, y no encontrando error alguno en los autos, ordenamos la confirmación de la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y MacLeary.