EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FERNANDO TORRES, acusado y apelante.

No. 2563.—*Visto:* Junio 26, 1925.   *Resuelto:* Julio 30, 1925.

1. ABUSO DE CONFIANZA—ACUSACIÓN SUFICIENTE—DESCRIPCIÓN DE LA AGENCIA O FIDEICOMISO.—Considerada la acusación en el caso de autos se resolvió que en ella se describía suficientemente la agencia o fideicomiso, la posesión legal por el acusado de dinero perteneciente a El Pueblo y una malversación suficiente.

2. ABUSO DE CONFIANZA—ACUSACIÓN SUFICIENTE—FECHA EN QUE SE ENTRÓ EN POSESIÓN DEL DINERO MALVERSADO.—Aún cuando una acusación sea vaga y nada exprese en cuanto a la fecha exacta en que el acusado entró en posesión del dinero que se alega malversó, tal acusación es suficiente en cuanto a que fué en fecha anterior a la malversación, especialmente a falta de una alegación de prescripción.

3. "INDICTMENT" Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA DE LA ACUSACIÓN—DESIGNACIÓN DEL SITIO EN QUE SE COMETIÓ EL DELITO IMPUTADO.—Una acusación en que se describen los actos imputados al acusado como ocurridos dentro de determinado distrito judicial que se expresa, es suficiente para conferir jurisdicción a dicho tribunal.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), condenando al acusado por delito de *abuso de confianza. Confirmada.*

*Juan B. Soto,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante, en su alegato adicional, expresa que la parte esencial de la acusación está contenida en las siguientes palabras:

"Que en o por la fecha ya indicada (septiembre de 1920) dicho acusado, Fernando Torres, en el distrito judicial de San Juan, Puerto Rico, ilegal y fraudulentamente sustrajo y aplicó en su propio beneficio la suma de $300.00, cuyo dinero pertenecía a El Pueblo de Puerto Rico, y habiendo sido cobrada por el acusado de la corporación Behn Brothers, Inc., bajo la autoridad que le había sido conferida por el tesorero de dicha Junta."

Las palabras hubieran podido ser seleccionadas más cuidadosamente, pero ellas muestran, en un modo que ningún hombre de inteligencia hubiera dejado de entender, que el acusado había cobrado una suma de dinero de los hermanos Behn por virtud de la autoridad conferídale por El Pueblo de Puerto-Rico. La naturaleza de esta autoridad había sido descrita previamente en la acusación. Por tanto, no tenemos duda alguna de que la agencia o fideicomiso fué descrito suficientemente. Asimismo que allá para el día 20 de septiembre el acusado se encontraba en la posesión legal de dinero perteneciente al Pueblo de Puerto Rico cobrado por él.

Sentadas las premisas de la agencia y la posesión legal como existentes en cierta fecha, sólo queda la cuestión de si en la acusación se ha descrito una malversación suficiente. Aquí creemos que las palabras para describir tal malversación fueron expresadas poco hábilmente, pero no tenemos ninguna duda de que ellas notificaron suficientemente al acusado de que a él se le imputaba el hecho de haber aplicado en su propio beneficio dinero perteneciente al Pueblo de Puerto Rico. Las palabras son "sustrajo" y "aplicó en su propio beneficio." Habiéndosele dicho al acusado que se le imputó el hecho de estar en posesión de dinero perteneciente al Pueblo de Puerto Rico, la acusación también le dice que lo aplicó en su propio beneficio. La palabra "sustrajo," aunque generalmente significa tomar de otra persona, puede fácilmente, en el lenguaje familiar, ser entendida en el sentido de que significa tomar en cualquier forma. "En su propio beneficio" son palabras de carácter muy informativo. Por

tanto, creemos que es innecesario el discutir las semejanzas o diferencias entre el caso de *Kent* (10 D.P.R. 343) y el de *Page* (116 Cal. 386), aunque nos inclinamos a sostener el primero.

[2] También asumiremos el riesgo de resolver que aun cuando una acusación sea vaga o nada expresa en cuanto a la fecha exacta en la cual el acusado entró en posesión del dinero, tal acusación es suficiente en cuanto a que era en una fecha anterior a la malversación, como se desprende de la última parte de la acusación, especialmente a falta de una alegación de prescripción.

Creemos que la corte inferior explicó cuidadosamente al jurado la diferencia entre el delito de hurto y el de abuso de confianza y convenimos con el fiscal en que las instrucciones deben ser consideradas en su totalidad.

El tercero y quinto señalamientos de error están tratados en la discusión anterior.

[3] El cuarto señalamiento se refiere a la jurisdicción por razón de la acusación. En ella se alegaba que los actos fueron cometidos dentro del distrito judicial de San Juan sin determinar el sitio en particular en el distrito. Sin embargo, todo lo que la ley requería era que se describiesen los actos como ocurridos dentro del distrito judicial.

*Debe confirmarse la sentencia apelada.*