EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS DÍAZ VÁZQUEZ y RAMÓN MARTÍNEZ CORTÉS, acusados y apelantes.

Núm. 9346.—*Sometido:* Julio 6, 1942. *Resuelto:* Julio 30, 1942.

*Ramón S. Pesquera,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La denuncia radicada en la Corte Municipal de Bayamón lee como sigue:

"Durante el año 1940 y en la tienda de provisiones de Obdulio Correa, calle Dr. Veve núm. 88, del distrito judicial municipal de Bayamón, P. R., que forma parte del Distrito Judicial de Baya-

món, P. R., los referidos acusados Jesús Díaz Vázquez y Ramón Martínez Cortés, allí y entonces, de una manera ilegal, voluntaria y maliciosamente, actuando conjuntamente y de mutuo acuerdo, y con la intención criminal de defraudar a la firma comercial de esta plaza Correa Hermanos, allí y entonces defraudaron los intereses de la referida casa Correa Hermanos, consistente en que en distintos días del año 1940, y mientras actuaba el primero de los acusados de mensajero y el segundo de dependiente de dicha casa comercial, el mensajero llevó distintas compras a distintos sitios de la población de Bayamón, cobraba el importe de las mismas, y en ningún momento entregaba dicho dinero a la casa Correa Hermanos, poniéndose más tarde de acuerdo con el dependiente Martínez Cortés para dividir el importe de dichas compras entre ambos, defraudando de ese modo los intereses de la casa Correa Hermanos.

"Mediante orden de allanamiento expedida por el Hon. Juez Municipal. de Bayamón fué registrada la residencia de Jesús Díaz Vázquez en donde se encontró la cantidad de $66, que junto a $10.32 que se ocuparon en su poder, y dos declaraciones juradas de los acusados en este caso, se hacen parte de esta denuncia como materia de prueba en este caso."

Apelado el caso a la Corte de Distrito de Bayamón, ésta condenó a ambos acusados a seis meses de cárcel y al pago de costas. Ambos apelaron para ante este tribunal.

El fiscal ha solicitado la desestimación de la apelación interpuesta por el acusado Ramón Martínez Cortés, por cuanto el mismo no notificó del escrito de apelación al fiscal de Distrito de Bayamón sino tres meses y medio después de vencido el término estatutario de treinta días para radicar y notificar al fiscal del distrito el escrito de apelación.

Del récord del caso no aparece que la apelación interpuesta por Ramón Martínez Cortés fuera notificada al fiscal en ningún momento.

No hay evidencia alguna en el caso que demuestre que el fiscal realizara actos demostrativos del conocimiento por su parte de la existencia del recurso, antes de transcurrir el término para apelar del acusado Martínez. La intervención del fiscal en la aprobación del récord taquigráfico tuvo lugar

en 12 de diciembre de 1941, o sea casi tres meses después de tránscurrido el término de treinta días para apelar. No creemos que sea de aplicación la regla sentada por esta corte en los casos de *Pueblo* v. *Cruz,* 57 D.P.R. 823, y *Pueblo* v. *Varela,* 41 D.P.R. 889, en el sentido de que "no procede desestimar un recurso, no empece no haber sido notificado al fiscal, cuando surge claramente que el fiscal conocía la existencia del mismo, intervino en la aprobación de la transcripción de evidencia y que si hubo un cumplimiento sustancial de la ley no procedía la desestimación." Esta regla también aparece en el caso de *Pueblo* v. *Loubriel,* 54 D.P.R. 1010, resuelto *per curiam,* y aparece extensamente comentada en el caso de *Casasús* v. *White Star Bus Line, Inc.,* 58 D.P.R. 865, donde se distingue en cuanto a la aplicación de esta regla en los casos en que el término es de treinta días. En este caso termina diciendo esta corte (pág. 874):

"De manera, que el tribunal no sólo tuvo en mente al resolver estos casos (*Pueblo* v. *Cruz,* supra; *Pueblo* v. *Varela,* supra; *Pueblo* v. *Loubriel,* supra) que el fiscal tenía conocimiento de la apelación y que se le había notificado la moción solicitando la transcripción de evidencia en la que se hacía constar que el acusado había apelado, sino que todo eso se hizo dentro del término que el acusado tenía para apelar o sea seis meses. De manera, que la notificación o cumplimiento sustancial con el estatuto se hizo dentro del término estatutario. Tanto en lo criminal como en lo civil la notificación de la parte contraria debe hacerse dentro del término para que esta Corte adquiera jurisdicción.

"Habiéndose notificado la apelación en este caso a la codemandante Isabel Casanova Vda. de Casasús después de haber vencido los treinta días que marca la ley, esta Corte carece de jurisdicción para conocer del mismo, y como consecuencia, se desestima el recurso."

En el caso de autos también el término para apelar es de treinta días y no de seis meses, por tratarse de uno originado en la Corte Municipal (artículo 345, Código de Enjuiciamiento Criminal), y por consiguiente al aplicarse la regla

848

resulta que el fiscal vino a tener conocimiento de la apelación después de transcurrido el término estatutario. Procede, por lo tanto, la desestimación de la apelación de Ramón Martínez Cortés.

■ Pasamos ahora a considerar los errores señalados por la parte apelante, el primero de los cuales lee como sigue:

"Que la corte careció de jurisdicción para conocer del caso y dictar sentencia, a virtud de no haberla tenido la Corte Municipal para iniciar los procedimientos judiciales."

Los apelantes dividen este error en dos partes, a saber: (a) que no se alega el montante o la cuantía de dinero que se apropiaron los acusados, siendo esto necesario para determinar si el delito es *felony* o *misdemeanor;* (b) que no se alega el lugar de la supuesta comisión del delito de abuso de confianza.

Si examinamos la denuncia vemos que es cierto que no se alega la cuantía que se apropiaron los acusados, mas, sin embargo, se hace constar en la misma las cantidades encontradas en poder del acusado Díaz, siendo éstas $66 y $10.32.

Es indudable que la práctica más aconsejable es la de hacer constar específicamente en la denuncia la cantidad exacta cuya apropiación ilegal se imputa al acusado. Haciéndolo así, será mucho más fácil determinar, por la simple lectura de la denuncia, si es la corte de distrito o la municipal la que tiene jurisdicción para conocer del caso. La denuncia en el caso de autos imputa a los acusados, dependiente uno y mensajero el otro, haberse apropiado y dividido entre ambos el importe de mercancías sacadas del establecimiento comercial en que ambos estaban empleados. Esas mercancías tenían necesariamente un valor. Y el hecho de haberse radicado la denuncia en la corte municipal, unido a la circunstancia expresada en la misma denuncia de que en poder de uno de los acusados se encontraron sumas de dinero por un total de $76.32, debe ser considerado como información su-

ficiente para los acusados de que el valor de la propiedad por ellos apropiada ilegalmente no excedía de $100 y que por tanto era la corte municipal la que tenía jurisdicción para conocer del caso originalmente. Si los acusados deseaban tener información más detallada, su remedio era solicitar un pliego de especificaciones.

También convenimos con el fiscal en que son de aplicación los casos de *Pueblo* v. *Delgado,* 50 D.P.R. 658, y *Pueblo* v. *Galarza,* 60 D.P.R. 208, en los cuales, aunque se trata de hurto, no se especificó en la denuncia el valor de las cosas hurtadas.

En cuanto a la alegación de que no se establece suficientemente la jurisdicción de la Corte Municipal de Bayamón para conocer del caso por cuanto se dice en la denuncia que los hechos ocurrieron en la "calle Dr. Veve núm. 88, del distrito judicial municipal de Bayamón, P. R., que forma parte del Distrito Judicial de Bayamón, P. R.," opinamos que tampoco es motivo de revocación. Las alegaciones de la denuncia son suficientes para que se infiera de ellas que los hechos expuestos ocurrieron dentro de la jurisdicción de la Corte Municipal de Bayamón y que ésta tiene jurisdicción, pues ni el artículo 23 del Código de Enjuiciamiento Criminal, sobre el contenido de la denuncia, ni el artículo 82 de dicho Código, sobre los requisitos de una acusación, exigen que en la misma se especifique el sitio exacto donde ocurrieron los hechos, bastando que en una acusación (artículo 82, inciso 4) se especifique "que el delito fué cometido en un lugar comprendido dentro de la jurisdicción del tribunal . . . "

Resolviendo esta misma cuestión y haciendo referencia al artículo e inciso citados, esta Corte en el caso de *Pueblo* v. *Aranda,* 12 D.P.R. 313, 315, dijo:

"Sin embargo, el artículo 82 del Código de Enjuiciamiento Criminal en su párrafo 4 revela que una acusación es suficiente si de ella puede venirse en conocimiento de que el delito fué cometido en algún lugar dentro de la jurisdicción de la corte. Aun menos

detalles se exigen para las denuncias que para las acusaciones, y solamente se haría un esfuerzo solicitando el sobreseimiento de una causa, cuando en la denuncia se ve que el delito fué cometido dentro del distrito judicial de dicha corte municipal. La corte de distrito procedió correctamente al desestimar la moción. . .''

Además, este tribunal en repetidas ocasiones ha decidido que no se exige la misma precisión en las denuncias que se presentan a las cortes inferiores por misdemeanor que en las acusaciones formuladas en las cortes de distrito por felony. (*Pueblo* v. *Cordero*, 27 D.P.R. 329; *Pueblo* v. *Bonilla*, 13 D.P.R. 41; *Pueblo* v. *Fontana*, 16 D.P.R. 656; *Pueblo* v. *Muñoz*, 22 D.P.R. 383; *Pueblo* v. *Ferrer*, 43 D.P.R. 987; *Pueblo* v. *Telmain Escalera*, 45 D.P.R. 447, 455.)

En el caso de *Pueblo* v. *Ortiz (a) Golden Flint*, núm. 9345, resuelto por esta Corte en junio 9 de 1942 (ante, pág. 536), citado por el fiscal en su alegato, se dijo:

''Basa su segunda cuestión el apelante en el hecho de que en la denuncia se alega que los hechos ocurrieron en el Km. 2–5 de la carretera de Cataño a Palo Seco, Barrio Palmas, y que no especificando la denuncia si dicho sitio pertenece a Cataño o a Palo Seco, no confiere jurisdicción ni a la Corte Municipal de Bayamón, ni a la corte de distrito en apelación, ya que Palo Seco pertenece al distrito judicial municipal de Toa Alta y Cataño al distrito judicial municipal de Bayamón. No tiene razón el recurrente, porque en la propia denuncia se hace constar expresamente que dicho Km. 2–5 de la carretera de Cataño a Palo Seco, Barrio Palmas, está dentro del distrito judicial municipal de Bayamón que forma parte del distrito judicial de Bayamón, Puerto Rico.''

Véanse los casos de *Pueblo* v. *Aranda*, 12 D.P.R. 313, 315; *Pueblo* v. *Birrier et al.*, 18 D.P.R. 265, 269, y *Pueblo* v. *Torres*, 34 D.P.R. 629, 631.

En el segundo señalamiento se alega la insuficiencia de la denuncia para fundar en ella una sentencia condenatoria.

También divide la parte apelante este error en dos partes. La primera se refiere exclusivamente al acusado Martí-

nez Cortés, cuya apelación hemos desestimado por no haber cumplido con el estatuto, y por tanto no entraremos a considerarla.

La segunda parte del segundo señalamiento lee así:

"Que en la denuncia se alega 'en la tienda de Obdulio Correa', luego 'a la firma comercial de esta plaza Correa Hermanos,' y más adelante 'casa Correa Hermanos,' sin que tales conceptos expresen la personalidad jurídica del defraudado y su capacidad para poseer bienes, contratar sobre ellos y que los mismos sean susceptibles de ser apropiados."

Opinamos que las palabras de la denuncia son suficientes y estamos de acuerdo con el fiscal en que es de aplicación la doctrina sentada en cuanto a esta misma cuestión en el caso de *Pueblo* v. *Cardona,* 59 D.P.R. 716, 718, 719, en el que esta Corte dijo, revocando el caso de *Pueblo* v. *Matos,* 31 D.P.R. 594, lo siguiente:

"Las personas pueden ser naturales y jurídicas y expresar como se expresa en la denuncia que el acusado sustrajo los bienes muebles de que se trata 'con la intención criminal de privar a su legítimo dueño del libre goce de su propiedad para lucrarse en su propio beneficio' con indicación de que ese dueño lo era 'la casa comercial de esta plaza del Sr. M. Blanco & Co.' es suficiente aunque no se diga si el Sr. M. Blanco & Co. era una sociedad, una corporación o un individuo haciendo negocios bajo un nombre mercantil, porque lo importante es que sea una persona, natural o jurídica, capaz de ser dueña de los bienes muebles sustraídos, y sobre ese punto no creemos que pueda existir duda alguna."

En el caso de autos la denuncia es todavía más específica que la del caso citado, pues en la misma se dice que es una tienda de provisiones de Obdulio Correa y más adelante la denomina "firma comercial de esta plaza Correa Hermanos". De manera que se establece claramente a quién pertenecían los bienes defraudados.

*Debe confirmarse la sentencia de la corte inferior.*