# 2007 DTA 131

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE MAYAGUEZ-AGUADILLA**
**PANEL X**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JAVIER E. PÉREZ TORRES
Peticionario

Núm. KLCE-2007-01495

San Juan, Puerto Rico, a 14 de noviembre de 2007

Panel integrado por su Presidente, el Juez Rodríguez Muñiz,
y los Jueces Soler Aquino y Cordero Vázquez

Rodríguez Muñiz, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

El 8 de octubre de 2007, el Sr. Javier E. Pérez Torres (Sr. Pérez) presentó recurso de *certiorari* en el que solicitó la revocación de la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 30 de agosto de 2007, notificada el 6 de septiembre de 2007. Mediante dicha resolución, el TPI declaró no ha lugar la moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal presentada por el Sr. Pérez.

### I

El 8 de abril de 2005, el Ministerio Público presentó seis (6) denuncias por infracción al Artículo 99 del Código Penal de 1974 (violación) contra el Sr. Pérez. Se le imputó haber tenido acceso carnal con su hijastra F. Z.S. una menor de catorce años. En los primeros dos casos se imputaron infracciones bajo el inciso (a) de dicho artículo que dispone: *"si la mujer fuera menor de catorce (14) años"*. En estos dos casos se alegó que los hechos ocurrieron en septiembre de 2002 y marzo 2003. Los otros cuatro casos fueron radicados bajo el inciso (c) del referido artículo que establece: *"si la mujer ha sido compelida al acto mediante el empleo de fuerza física irresistible, o amenaza de grave e inmediato daño corporal, acompañada de la aparente aptitud para realizarla..."*. En estos casos se alegó que los hechos ocurrieron en junio de 2003, mayo 2004 y el 1ro de abril de 2005 a las 12:00 a.m. y a las 5:00 a.m.

El 25 de abril de 2005, el Sr. Pérez presentó Moción Solicitando Pliego de Particulares. Solicitó la fecha completa y hora que en septiembre de 2002, marzo 2003, junio de 2003 y mayo 2004 alegadamente ocurrieron los hechos que se le imputaban.

El 2 de mayo de 2005, el TPI ordenó al Ministerio Público cumplir con lo solicitado por el Sr. Pérez en el pliego de particulares.

El 23 de mayo de 2005, el Ministerio Público presentó *"Réplica A Moción Solicitando La Entrega Inmediata de Evidencia Exculpatoria y Pliego de Particulares"*. En ésta, señaló que la información que poseía hasta ese momento era la suplida en las denuncias, pues la menor, por su edad, no podía precisar con más exactitud las fechas y horas exactas en que sucedieron los hechos imputados al Sr. Pérez.

El 18 de octubre de 2005, el TPI celebró la vista preliminar y determinó que no había causa probable para acusar.

Así las cosas, el 25 de octubre de 2005, el Ministerio Público solicitó la celebración de vista preliminar en alzada.

El 8 de diciembre de 2005, se celebró la vista preliminar en alzada y se determinó la existencia de causa para acusar por los delitos imputados al Sr. Pérez.

El 30 de diciembre de 2005, el Sr. Pérez presentó Moción Solicitando Desestimación de Pliegos Acusatorios en la que alegó que en la vista preliminar en alzada se determinó causa probable contrario a

derecho, pues había ausencia total de prueba para creer que cometió el delito imputado. Expuso que la menor se había retractado de lo declarado en su declaración jurada prestada ante el Ministerio Público y que dicho documento no se presentó en evidencia durante la vista.

El 15 de junio, notificada el 19 de junio de 2006, el TPI emitió Resolución en la que declaró con lugar la solicitud de desestimación presentada por Pérez. En su consecuencia, ordenó la desestimación de los seis (6) pliegos acusatorios.

Luego de algunos trámites procesales interlocutorios, los cuales resulta innecesario mencionar, el 20 de julio de 2006, el Ministerio Público solicitó que se señalara una vista preliminar en alzada.

La vista preliminar en alzada se celebró los días 3, 4 y 19, de abril de 2007. El TPI no determinó causa en cinco de los seis cargos y determinó causa probable en el cargo sometido por los hechos alegadamente ocurridos en marzo de 2003. Según expone el Sr. Pérez en su escrito de *certiorari*, la Juez que presidió la vista indicó que esta determinación se hacía considerando el testimonio de testigo Aurelio Vélez Caballeri, dueño del Hotel el Acuario ubicado en el barrio Joyudas del Municipio de Cabo Rojo. Este testigo presentó dos tarjetas del uso de las cabañas en las cuales aparecía la tablilla de un vehículo de motor utilizado por el Sr. Pérez. Una de las tarjetas tenía la fecha del 14 de marzo de 2003.

El 30 de abril de 2007, se celebró el acto de lectura de acusación. Se indicó en el pliego acusatorio que el delito imputado ocurrió *"allá en y/o para el día 14 de marzo de 2003..."*.

El 23 de mayo de 2007, el Sr. Pérez presentó *"Moción Solicitando Desestimación de Pliego Acusatorio"*. En la misma, señaló que desde el 25 de abril de 2005 le había solicitado al Ministerio Público mediante el pliego de particulares la fecha completa y hora de los hechos imputados en marzo 2003. En ese entonces, el Ministerio Público indicó que la menor no podía precisar con exactitud la fecha y hora en que ocurrieron los hechos. El Sr. Pérez sostuvo que el Ministerio Público obtuvo esa información y no la reveló hasta la vista preliminar en alzada celebrada en abril de 2007, ello en detrimento de su defensa. Añadió, que en el pliego de denuncia en cuanto a los hechos imputados en marzo de 2003 se decía que el delito se había cometido en la *"Calle Zafiro #60, Vista Verde, Mayagüez"*. Sin embargo, en la vista preliminar en alzada se dijo que el delito se consumó en un Hotel en el Barrio Joyudas de Cabo Rojo.

De otra parte, el Sr. Pérez alegó que en este caso la Jueza que presidió la vista preliminar en alzada no creyó el testimonio de la menor en cuanto a cinco de los seis casos imputados, por lo que era imposible que sí le creyera en el caso que determinó causa. Sostuvo que esta determinación resultaba ser inconsistente.

El 31 de mayo de 2007, el Ministerio Público presentó su oposición a la solicitud de desestimación. Expuso que desde el 25 de enero de 2006 se entregó a la defensa del Sr. Pérez la información y evidencia específica en cuanto a la fecha, lugar y hora de los hechos imputados para el 14 de marzo de 2003.

El 30 de agosto de 2007, el TPI, mediante una bien fundamentada Resolución, declaró no ha lugar la moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, *supra*.

Inconforme con tal determinación, el 8 de octubre de 2007, el Sr. Pérez presentó recurso de *certiorari* en el que señaló los siguientes errores:

*"Cometió error el Honorable TPI, al validar la actuación del Ministerio Público el cual conociendo una fecha de un alegado acto delictivo, la ocultó, luego de que el peticionario la solicitara en un pliego de particulares y el TPI ordenara la entrega, lo que ocasionó que en la vista preliminar en alzada, dicha evidencia se presentara de forma sorpresiva y colocando al peticionario en un estado de indefensión.*

*Cometió error el Honorable TPI, al validar la determinación de la Magistrado de vista preliminar en alzada, la cual emitió una decisión inconsistente, pues si rechazó el testimonio, como lo hizo, de la testigo principal en cinco de los seis cargos, estaba obligada a rechazar el otro cargo.*

*Cometió error el Honorable TPI, al validar la determinación de la Magistrado de vista preliminar en alzada, la cual determinó causa probable para acusar, en contra del peticionario, con un testimonio perjuro y mendaz, lo que venía obligada a rechazar y por consiguiente ello creaba una ausencia total de prueba, que demostrara que no existía causa probable para creer que el peticionario cometió el delito por el cual se determinó causa."*

## II

Como es sabido, el auto de *certiorari* es un remedio procesal, utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. *Negrón Placer v. Secretario de Justicia*, 154 D.P.R. 79, 91-92 (2001). La expedición del mismo, como señala la ley, queda en la sana discreción del tribunal apelativo. *Id.*

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este Tribunal debe tomar en consideración al ejercer su discreción y determinar si es procedente la expedición de un auto de *certiorari* o de una orden de mostrar causa. A esos efectos, la referida regla dispone, en lo pertinente, lo siguiente:

*"El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia."*

## III

En el primer error, el Sr. Pérez alegó que el TPI incidió al validar que el Ministerio Público ocultara hasta la vista preliminar en alzada la fecha exacta de los hechos imputados para marzo de 2003 a pesar de que dicha información se solicitó mediante un pliego de particulares y dicho foro ordenó la entrega.

En su resolución, el TPI expuso lo siguiente:

*"El testigo Aurelio Vélez Caballeri fue anunciado por el Ministerio Público desde julio de 2006 y la vista*

*preliminar en alzada se celebró los días 3, 4 y 19 de abril de 2007. Además en su moción en oposición el Ministerio Público acompañó una carta fechada el 25 de enero de 2006 en la cual se le hizo llegar al Lcdo. Harry N. Padilla Martínez (representante legal del Sr. Pérez) por el Fiscal Bruce E. MacCandless Adams una serie de documentos entre ellos dos tarjetas del motel y recibos. Dicha carta está firmada como recibida por Maritza "Nieto" el 25 de enero de 2006 a las 2:56 p.m. Por lo tanto, la defensa en el presente caso y conforme a las exigencias del debido proceso de ley tuvo la oportunidad de examinar la prueba y contrainterrogar al testigo. Ni el testigo ni la prueba documental fueron sorpresivas para la defensa."*

Es importante señalar que la defensa en su argumentación del 10 de agosto de 2007 no negó la entrega de dichos documentos; sólo indicó que era responsabilidad del Ministerio Público enmendar la contestación al pliego de particulares y la denuncia para incorporarse el día, la hora y el lugar. Sin embargo, de las reglas procesales aplicables, ni de la jurisprudencia, se desprende que el Ministerio Público tenía que enmendar ambos documentos. Por lo que no se violentó el debido proceso de ley. Además, el pliego de particulares no tiene las mismas características que el descubrimiento de prueba.

...

Como señalamos, la omisión de la fecha es un error de forma subsanable en cualquier momento mediante enmienda y su falta de incorporación no tiene consecuencia alguna, ya que el defecto se estima subsanado con el fallo o veredicto. Además, en cuanto a la omisión del lugar en donde ocurrió el hecho delictivo, en el presente caso no es un elemento esencial del delito. Incluso, su omisión tampoco perjudicó la defensa del acusado, como alegó éste. Primeramente, la prueba era conocida por la defensa, y segundo, en cuanto a la defensa de coartada la misma es regulada por la Regla 74 de Procedimiento Criminal y aun la defensa puede hacer uso de ella.

...

*"... [E]n nuestro ordenamiento jurídico procesal penal, la denuncia y, eventualmente, la acusación, tienen como propósito notificar, a toda persona imputada de delito, la naturaleza y causa por la cual será procesado. Ello es así, ya que el debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y extensión del delito que se le imputa para que pueda preparar adecuadamente su defensa. Este requisito se cumple con una acusación o denuncia que incluya una exposición de los hechos esenciales constitutivos de delito, redactada en lenguaje sencillo, claro y conciso..."*. Pueblo v. Saliva Valentín, 130 D.P. R. 767, 773 (1992)

Los defectos de forma de un pliego acusatorio son aquellas imperfecciones u omisiones en el formato del pliego acusatorio que no afectan derechos sustanciales del acusado y que no hace insuficiente el pliego ni el procedimiento posterior. Regla 36 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 36. Al respecto, la Regla 36 de Procedimiento Criminal establece que una acusación o denuncia no será insuficiente, ni podrán ser afectados el juicio, la sentencia o cualquier otro procedimiento basados en dicha acusación o denuncia, por causa de algún defecto, imperfección u omisión de forma que no perjudicare los derechos sustanciales del acusado.

Cuando una denuncia o acusación tiene algún defecto de forma, los mismos pueden ser subsanados en cualquier momento por medio de enmiendas a la denuncia o acusación. D. Nevares Muñiz, *Sumario de Derecho Procesal Puertorriqueño*, 5ta. ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1998, a las páginas 116-117.

La Regla 38 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 38, sobre este aspecto, establece lo siguiente:

*"(a) Subsanación de defectos de forma. Si la acusación, la denuncia o un escrito de especificaciones adolecieren de algún defecto, imperfección u omisión de forma aludido en la Regla 36, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanarlo."*

En ausencia de enmienda, dicho defecto, imperfección u omisión se entenderá subsanado, una vez rendido el veredicto del jurado o el fallo del tribunal.

*"(b) Subsanación de defecto sustancial. Si la acusación o la denuncia adolecieren de algún defecto u omisión sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación, el acusado tendrá derecho a que se le celebre de nuevo el acto de la lectura de la acusación. Si se tratare de una nueva denuncia, el acusado tendrá derecho a que el juicio se le celebre después de los cinco (5) días siguientes a aquél en que se hiciere la enmienda.*

*(c)...*

*(d)...".*

Algunos ejemplos de errores de forma en la denuncia son cuando hay una cita errónea en el cuerpo de la acusación en cuanto al artículo del Código Penal por el cual ha de responder el acusado, *Vizcarra Castellón v. El Pueblo*, 92 D.P.R. 156, 160-161 (1965); la falta de especificación de la personalidad jurídica o natural de la persona a quien se le sustraen mediante los bienes mediante apropiación ilegal, *Pueblo v. Díaz*, 60 D.P.R. 844, 850-851 (1942); el no especificar la naturaleza particular de la negligencia criminal, *Pueblo v. Piñero*, 31 D.P. R. 1, 2-3 (1922), entre otros.

Los defectos sustanciales, por el contrario, se refieren a los defectos sobre todos los hechos que es necesario probar para hacer del acto imputado un delito, lo que es lo mismo, la falta de uno o más de los elementos constitutivos del delito imputado. Regla 38 de Procedimiento Criminal, *supra*; *Pueblo v. González*, 97 D.P.R. 541, 543-544 (1969); D. Nevares-Muñiz, *op. cit.*, a la página 115. Por eso, cuando existe un defecto sustancial, el pliego acusatorio es insuficiente y, de no ser subsanado antes de recaer el fallo o veredicto, la convicción será nula.

La Regla 39 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 39, dispone que *"[l]a acusación o la denuncia serán suficientes aunque no especificaren la fecha o el momento en que se alega que se cometió el delito, a menos que una alegación en tal sentido fuere necesaria para imputar la comisión de un delito...".*

El profesor Ernesto L. Chiesa Aponte comenta sobre la Regla 39 que:

*"Salvo que la ley que tipifica o define el delito imputado incluya la fecha como un elemento esencial del delito, la omisión de la fecha de los hechos no acarrea insuficiencia de la acusación o denuncia. Si la omisión de la fecha o un error en la fecha alegada no afecta derechos sustanciales del acusado en cuanto a su defensa, el error es uno de forma y el pliego acusatorio pude ser enmendado en cualquier momento para subsanarlo; si no se enmienda, el defecto se estima subsanado con el fallo o veredicto."* E. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Volumen III, Colombia, Editorial Forum, 1993, a la página 151.

La Regla 40 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 40, dispone que una *"acusación o denuncia serán suficientes aunque no especificaren el sitio exacto en donde se alega que se cometió el delito, siendo bastante la alegación de que el mismo se cometió en un sitio dentro de la competencia del tribunal, a menos que una alegación en ese sentido fuera necesaria para imputar la comisión de un delito".* El profesor Ernesto Chiesa explica que en aquellos casos en que el lugar de los hechos no es un elemento esencial del delito, *"la*

*omisión o error no es un defecto de insuficiencia ni sustancial, salvo que el acusado pueda establecer que el error perjudicó su defensa.* " E. Chiesa, *op. cit.*, a la página 153.

Por otra parte, un pliego de particulares o de especificaciones es el instrumento procesal que permite al acusado solicitar al Ministerio Fiscal suministrar mayor información sobre los hechos imputados cuando las alegaciones en el pliego acusatorio son insuficientes. Si el acusado estima que necesita mayor especificación sobre los hechos delictivos imputados, puede solicitar del fiscal un pliego de particulares. E. Chiesa, *op. cit.,* a la página 168. El propósito del mismo, es informar más ampliamente al acusado sobre el delito imputado cuando dichas especificaciones sean necesarias para su defensa. El pliego de particulares no constituye una expedición de pesca, ni un requerimiento de la teoría del fiscal, y tampoco es un mecanismo de descubrimiento de prueba, Elena Resumil de Sanfilippo, *Práctica Jurídica de Puerto Rico, Derecho Procesal Penal*, Estados Unidos, Butterworth Legal Publishers, 1993, a las páginas 34-35.

En el caso de autos se le imputa al Sr. Pérez haber tenido acceso carnal con su hijastra que al momento de los hechos era menor de catorce (14) años. El Artículo 99 del Código Penal de 1974 tipifica esa conducta de la siguiente manera:

*"Se impondrá pena de reclusión según se dispone más adelante a toda persona que tuviera acceso carnal con una mujer que no fuere la propia, en cualquiera de las siguientes modalidades:*

*a. Si la víctima fuera menor de 14 años.*

*b....*

*c. Si la mujer ha sido compelida al acto mediante el empleo de fuerza física irresistible, o amenaza de grave e inmediato daño corporal, acompañado de la aparente aptitud para realizarla...*

*d....*

*... ".*

El Sr. Pérez planteó ante nos que era obligación del Ministerio Público suplir la fecha exacta del delito imputado para marzo de 2003 tan pronto la obtuvo, pues de haberlo hecho hubiese tenido la oportunidad de evaluar si tenía a su haber una defensa de coartada. Explicó que en el 2005, el Ministerio Público, al contestar el descubrimiento de prueba, suplió unas tarjetas de un motel en Cabo Rojo. Que desconocía que posteriormente en la vista preliminar en alzada celebrada en abril de 2007, dichas tarjetas fueran a ser utilizadas para alegar que los hechos ocurrieron el 14 de marzo de 2003 en un motel en Joyudas.

La resolución recurrida sostiene que el 25 de enero de 2006, el Ministerio Público le suplió al representante legal del Sr. Pérez dos (2) tarjetas del motel y unos recibos y que desde julio de 2006 se había anunciado como testigo al dueño del motel. Ello así, forzoso es colegir que al Sr. Pérez no se le ocultó la prueba en manos del Ministerio Público y no se anunció sorpresivamente durante la vista preliminar en alzada celebrada en abril de 2007 de manera que se le privara de un debido proceso de ley.

## IV

Procederemos a discutir en conjunto el segundo y tercer error por estar intrínsecamente relacionados.

Como segundo error, el Sr. Pérez adujo que el TPI erró al validar la determinación de la Jueza que presidió la vista preliminar en alzada, pues emitió una decisión inconsistente.

Mientras que el tercer error señaló que el TPI incidió al validar la determinación de causa de la Jueza, pues se basó en un testimonio perjuro y mendaz, por lo que había ausencia total de prueba para determinar causa probable.

Según expuso el Sr. Pérez, en su caso no se trataban de delitos distintos, pues se le imputaron seis (6) cargos por violación al Artículo 99 del Código Penal, *supra*. Que el tribunal rechazó el testimonio de la menor en cinco de estos cargos; por lo tanto, procedía determinar no causa en el sexto cargo.

Como es sabido, la función de la vista preliminar es determinar si existe causa probable para procesar a un imputado por delito. Regla 23(c) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23(c); *Pueblo v. García Saldaña*, 151 D.P.R. 783, 788-789 (2000).

Se pretende evitar que se someta a un ciudadano al rigor de un proceso criminal de forma injustificada o irrazonable. *Id.*, a las páginas 788-789; *Pueblo v. Ortiz Rodríguez*, 149 D.P.R. 363, 374-375 (1999); *Pueblo en Interés del Menor G.R.S.*, 149 D.P.R. 1, 18-19 (1999).

Para que pueda presentarse una acusación contra una persona, el Ministerio Público viene obligado a establecer que existe causa probable para creer que se ha cometido un delito y que la persona imputada fue quien lo cometió. El Estado viene obligado a presentar evidencia sobre todos los elementos del delito imputado y de que existe la probabilidad de que el imputado sea el responsable de la comisión de dicho delito. *Pueblo v. García Saldaña, supra*, a las páginas 788-789; *Pueblo v. Ortiz Rodríguez, supra*, a las páginas 374-375; *Pueblo en Interés del Menor G.R.S., supra*, a las páginas 19-20.

La prueba no tiene que demostrar la culpabilidad del imputado más allá de toda duda razonable, sino que sólo hay que establecer un caso *prima facie* en su contra. Véase, *Pueblo v. Ortiz Rodríguez, supra*, a las páginas 374-375; *Pueblo en Interés del Menor G.R.S., supra*, a la página 20; *Del Toro Lugo v. E.L.A.*, 136 D.P.R. 973, 991 (1994); E. Chiesa. *op. cit.*, a las páginas 89-91. Una vez esto queda demostrado, la vista preliminar ha cumplido con su propósito de ley. No se trata de un mini-juicio, el fiscal no viene obligado a presentar toda la prueba de la cual dispone, ni tiene que probar la culpabilidad del acusado más allá de toda duda razonable. *Pueblo v. Ortiz Rodríguez, supra*, a las páginas 374-375; *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653, 665 (1985).

Por su naturaleza, durante la vista preliminar, la credibilidad de los testigos está supeditada al *quántum* de prueba requerida en esta etapa. *Pueblo v. Rodríguez Aponte, ante*. En síntesis, la naturaleza de la vista preliminar es inminente investigativa. Véase, *El Vocero de P.R. v. E.L.A.*, 131 D.P.R. 356, 421 (1992)

Conforme el ordenamiento procesal penal vigente, un acusado de delito grave tiene disponible el vehículo procesal de la moción de desestimación bajo la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64, para revisar la determinación de causa probable para acusar, obtenida por el Ministerio Fiscal en vista preliminar. Véase, *Pueblo v. Rivera Rodríguez*, 150 D.P.R. 428, 437-438 (2000); *Pueblo v. Jiménez Cruz*, 145 D.P.R. 803, 813-814 (1998).

La Regla 64 (p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64, en lo pertinente, dispone como sigue:

*"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:*

*(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiera determinado causa probable por un magistrado u ordenado su detención para responder del*

*delito, con arreglo a la ley y a derecho. "*

Al interpretar esta regla, el Tribunal Supremo ha sostenido que procede declarar con lugar la desestimación de una acusación o denuncia al amparo de la misma, únicamente cuando exista ausencia total de prueba que tienda a demostrar que se ha cometido el delito imputado o que el acusado lo cometió. *Pueblo v. Rodríguez Ríos*, 136 D.P.R. 685, 691 (1994); *Pueblo v. Carballosa y Balzac*, 130 DPR 842, 850-851 (1992). Al hacer este ejercicio, el tribunal debe determinar si durante la vista preliminar el magistrado que la presidió tuvo ante sí prueba que pueda considerarse suficiente en derecho para la determinación de causa probable. Si concluye que en dicha determinación medió esa prueba, no procede la desestimación de la acusación bajo la Regla 64 (p), *supra*.

Debe tenerse presente que la determinación de causa probable en la vista preliminar goza de una presunción legal de corrección. *Pueblo v. Andaluz Méndez*, 143 D.P.R. 656, 661-662 (1997). Como dicha presunción es una controvertible, corresponde al acusado la obligación de presentar evidencia para persuadir al tribunal de que medió una ausencia total de evidencia legalmente admisible en cuanto a alguno de los elementos del delito. *Id.*

De la resolución recurrida, surge que el TPI concluyó lo siguiente en cuanto a la credibilidad de la menor y la ausencia total de prueba:

*"Como ya señalamos, el mecanismo estatuido en la Regla 64 (p) no permite que se considere la corrección del juicio emitido en VP. La Magistrado que presidió la Vista Preliminar en Alzada claramente señaló y citamos:*

*A la Moción de Reconsideración, no ha lugar, el tribunal le dio plena credibilidad a la testigo, lo que pasa es que la testigo no fue una testigo que abundó en mucho de los aspectos de la prueba y de las denuncias presentadas y pues se limitó a enfatizar en unas áreas especificas muy someramente, pero el tribunal en ningún momento le resto credibilidad a la joven.*

*Posteriormente, la defensa realizó unos planteamientos relacionados al pliego de particulares y luego de la Jueza dar lectura a la contestación que dio el Ministerio Público, la cual transcribimos anteriormente, señaló y citamos:*

*Pero por la prueba que se ha ofrecido durante este proceso solamente para ser específico, hay una sola fecha que se puede corroborar específicamente con otra prueba, fíjese. "*

Así las cosas forzoso es concluir que la determinación de causa probable por los hechos señalados para marzo de 2003 realizada por la Jueza Mariela Miranda Recio está basada en: **1) el testimonio de la perjudicada la cual al 2003 era menor de 14 años y testificó que el acusado de epígrafe la llevó a un motel, y 2) la prueba aportada a través del testimonio de Aurelio Vélez Caballeri, dueño del Hotel Acuario en Cabo Rojo, el cual identificó las tarjetas de su negocio en las cuales se encuentra la fecha, hora y tablilla de los visitantes encontrándose una tarjeta de fecha de 14 de marzo con la tablilla del vehículo que usaba el acusado.** Por lo tanto, conforme a la jurisprudencia antes señalada, concluimos que no procede el reclamo de la defensa al amparo de la Regla 64 (p).

Respecto a la revisión de una determinación de causa probable en vista preliminar, en el caso *Pueblo v. Cruz Justiniano*, 116 D.P.R. 28, 30 (1984), el Tribunal Supremo dijo que *"la determinación en los méritos del Juez Superior sobre la existencia de causa probable no es revisable. No obstante, cualquier otra determinación de derecho sí puede ser revisada mediante el recurso de certiorari"*. *Pueblo v. Rivera Alicea*, 150 D.P.R. 495, 499-500 (2000).

La moción bajo la Regla 64 (p), *supra*, no está disponible para dirimir conflictos de prueba, probabilidades o hechos. Es por ello, que la función revisora de este Tribunal se limita a determinar si hubo ausencia total de prueba que tienda a demostrar que se ha cometido el delito imputado o que el acusado lo cometió.

En este caso, según surge de la resolución recurrida la declaración de la perjudicada y la evidencia presentada por el Ministerio Público, se estableció el *quántum* de prueba necesario para determinar causa probable para acusar. Es decir, el Ministerio Público satisfizo su carga probatoria en esta etapa procesal, a saber, presentar prueba sobre los elementos del delito y relacionar al Sr. Pérez con ellos.

En vista de que en la vista preliminar se desfiló prueba suficiente para establecer un caso *prima facie* del delito imputado, no intervendremos con la determinación del TPI de denegar la solicitud de desestimación al amparo de la Regla 64 (p) presentada por el Sr. Pérez.

## V

Por los fundamentos expresados anteriormente, denegamos la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones